WILLIAM TEUFEL, Appellant, v. FRED KAUFMANN, Appellee.

No. 45995.

444

DECEMBER 15, 1942.

REHEARING DENIED MAY 4, 1943.

Smith, Swift & Maloney and G. W. Vander Vennet, all of Davenport, and Herbert G. Thompson, of Muscatine, for appellant.

Harold E. Wilson, Albee & Albee and Tipton & Tipton, all of Muscatine, for appellee.

WENNERSTRUM, C. J.—The appellant was the plaintiff in an action brought to recover damages by reason of injuries received which resulted from a collision of a car driven by the appellee with a car in which the appellant was riding. The collision occurred at a country intersection. The jury returned a verdict in favor of the appellee. From an adverse ruling on appellant's motion for a new trial and exceptions to instructions he has appealed.

The evidence presented shows a variance in the testimony of the witnesses as to who first entered the intersection.

The claimed errors assigned on the part of the appellant are: (1) That the court failed to instruct the jury on the issue of imputed negligence (2) that the court erred in overruling appellant's motion for a new trial wherein the question as to the necessity of instructing on the question of imputed negligence was set forth (3) that the court did not define properly in its instructions the word "intersection" (4) that the court erred in the giving of certain instructions which will be commented upon in part later.

I. It is the claim of the appellant that the court erred in that it failed to instruct the jury on the question of imputed negligence, it being contended that this issue was raised by the pleadings. The evidence shows that the appellant and the driver with whom he was riding at the time of the collision had used their respective cars on different occasions in going on hunting trips. It is further shown that they had not alternated in the use of their cars on the various hunting trips, but even if that had been true, that alone could not be the basis upon which it could be said that they were engaged in a joint adventure on the particular trip when the collision occurred.

In the case of Stingley v. Crawford, 219 Iowa 509, 512, 513, 258 N. W. 316, 318, we said:

"The fundamental doctrine controlling this question of joint adventure or common enterprise is not controlled by the fact that the parties are going to the same place on the same mission, but by whether or not the complaining party bore such relation to his associate as that he had the right of control in some manner over the means of locomotion. Such seems to have been the rule in this state as shown by the cases of Lawrence v. Sioux City, 172 Iowa 320, 154 N. W. 494; Wagner v. Kloster, 188 Iowa 174, 175 N. W. 840; Stoker v. Tri-City Ry. Co., 182 Iowa 1090, 165 N. W. 30, L. R. A. 1918F, 515; Stilson v. Ellis, 208 Iowa 1157, 225 N. W. 346; and Albert v. Maher Bros. Transfer Co., 215 Iowa 197, 243 N. W. 561."

Plaintiff did not request an instruction such as is contended for in his motion for a new trial and in this court. In the absence of a request for such an instruction, we hold that there is no reversible error under the facts in this case.

446

II.   In one of the instructions which was in part descriptive of the intersection and the incidents that occurred at the time of the collision, the trial court, in commenting as to an intersection, said:

"Now what is meant by the word 'intersection'?   The law defines the meaning as being the area within the lateral boundary lines of highways which join."

It is the contention of the appellant that the trial court erred in defining the word "intersection" as it did, asserting that the court should have given the statutory definition of intersection which is found in chapter 134, section 1, subsection 51, Acts of the Forty-seventh General Assembly (Code section 5000.01, paragraph 51).

This statutory definition, so far as it is applicable to the question before us, is as follows:

" 'Intersection' means the area embraced within * * * the lateral boundary lines of the roadways of two highways which join one another at, or approximately at, right angles, * * *."

In the case of Hupp v. Doolittle, 226 Iowa 814, 285 N. W. 247, this court commented upon the instruction wherein the word "intersection" was incorrectly defined. In that case we held that in connection with the defining of the word "intersection" the statutory definition of "roadway," found in subsection 47 of Code section 5000.01 should have been given. It will be observed that in the instant case no reference was made to the statutory definition of "roadway" which is as follows:

" 'Roadway' means that portion of a highway improved, designed, or ordinarily used for vehicular travel."

We have observed the plat of the intersecting roadways, which was an exhibit in the trial, and it shows that at this particular intersection the traveled part of the roadway virtually extended to the corner fence posts. It is noted by the plat that at the intersection in question the lateral boundary lines of the roadway are the same as the lateral boundary lines of the highway. Although the definition as given in this particular

instruction is not a model to be followed, yet we do not feel that we should hold, under the circumstances and in this particular case, that it was prejudicial.

III. Further complaint is made concerning an instruction given by the court relating to the question of contributory negligence on the part of the appellant. This instruction in part states:

"* * * and this plaintiff, even though riding as a passenger in another man's car, if he saw or by the exercise of ordinary care and prudence he could have seen any object or obstruction on the roadway that might appear to him as an ordinary careful and prudent person, fraught with danger or apparent danger, he was in duty bound to call same to the attention of his driver, and his failure so to do may be considered and passed upon by you as an element of contributory negligence."

We cannot approve of this instruction. The jury was virtually told that the appellant, a passenger, was under the absolute duty to call to the attention of the driver any obstruction on the highway that he saw or in the exercise of care should have seen. The instruction as given is not in keeping with our prior holdings. In the case of Bradley v. Interurban Ry. Co., 191 Iowa 1351, 1354, 183 N. W. 493, 495, we said:

"Within reasonable limits, the invited passenger in an automobile may reasonably and lawfully rely on the skill and judgment of the driver. He cannot physically interfere with the driver's control of the car, without peril of disaster. He may, under proper circumstances, sound an alarm, if he sees danger ahead of which the driver seems oblivious; but even then he must still, to some extent, place his reliance upon the driver to avoid it. There is no rule of law which obliges him to forcibly seize the steering wheel and wrest it from the hands of the owner, or to jump from the rapidly moving vehicle to certain injury or death."

As bearing upon the question here discussed see Codner v. Stowe, 201 Iowa 800, 803, 208 N. W. 330; Muirhead v. Challis, 213 Iowa 1108, 1115, 240 N. W. 912.

The above cases hold that while a passenger in an automo-

448

bile must exercise reasonable care for his safety, he is not necessarily under the duty to do some specific thing such as warn the driver. His duty to warn exists only where required by the exercise of ordinary care under the circumstances.

IV. We have given consideration to other claimed errors relative to other instructions but do not deem it necessary to comment upon them. It is our conclusion that the error as heretofore set forth necessitates a reversal.—Reversed.

MILLER, GARFIELD, OLIVER, BLISS, MITCHELL, and STIGER, JJ., concur.