RAY PUHRMANN, guardian of Larry Ray Puhrmann, a minor, and RAY PUHRMANN, individually, appellants, v. NORMAN J. LUND, appellee.

No. 50674.

(Reported in 117 N.W.2d 495)

OCTOBER 16, 1962.

S. G. Larson, of Paullina, and David L. Sayre of McDonald, Sayre & McDonald, of Cherokee, for appellants.

James R. Hamilton of Edson & Hamilton, of Storm Lake, and J. R. Miller of Miller, Miller & Miller, of Cherokee, for appellee.

THORNTON, J.—A verdict has been directed against a front seat passenger in an automobile-collision case because his evidence was insufficient to carry the burden of proving his freedom from contributory negligence. Defendant filed his motion to direct at the close of plaintiff's case in two divisions. The first division was overruled. The second was sustained, it, in pertinent part, stated, "* * * the record * * * fails to show * * * plaintiff * * * was free from contributory negligence. * * * and that in this particular cause there is a complete absence of * * * what he did or did not do in the car."

Defendant's contention in the trial court was not that plaintiff's acts showed he was contributorily negligent, but there was no showing made upon which a finding of freedom from contributory negligence could be based.

We find the record does contain sufficient evidence to make a jury question.

From the evidence the jury would have been entitled to find plaintiff was riding in the middle of the front seat of a convertible owned and driven by Gary Bjork. Charles Brockmann was on plaintiff's right in the front seat, and Gene Ehlers in the left rear, and Gene Behrens in the right rear. They were returning from a high-school football game on October 30, 1959. It was a rainy, misty and wet night. They were traveling west on Highways Nos. 3 and 5, about three miles east of Cherokee, when they passed a semitrailer truck. The passing started at the top of a hill or incline. The semitrailer was traveling 50 to 55 m.p.h., Gary Bjork 60 to 65 m.p.h. There was a yellow no-passing line at the place Bjork started to pass but he was unaware of it at the time. There was no eastbound traffic in sight at that time. When the Bjork car was alongside of the cab of the semitrailer truck a pair of headlights came in view over the crest of the

incline to the west. The Bjork car increased its speed, cut shortly to the right in front of the semitrailer, and continued fully in the right-hand side of the road for 200 feet when the eastbound car came across the center line and struck the Bjork car. The pictures in evidence show the front of the Bjork car came in contact with the right front side and corner of the eastbound car of defendant, Lund.

The plaintiff's injuries were such he did not remember the collision or anything for about two weeks before. The evidence on what he was doing in the car immediately before the collision is the following. He was sitting in the middle in the front seat. One of the rear seat passengers testified as follows on cross-examination:

"When we pulled out to pass, I paid very little attention. I did not know that we were in a no-passing zone. No, I wasn't paying any attention to that, when we pulled out to pass we were talking. * * *."

Also on cross-examination, Charles Brockmann, riding on plaintiff's right, was asked:

"Q. * * * what did Mr. Puhrmann say to Mr. Bjork, when he was starting this passing in the No—when you were making this pass in the No-Passing Zone; did you say anything to him? A. As I recall, no, sir, there was nothing said. * * *

"Q. And all of the time that this car was going alongside of the truck, everyone sat silent, is that right? A. Yes, sir, to the best of my knowledge, yes."

Plaintiff contends the above is sufficient evidence upon which to base a finding of freedom from contributory negligence. Defendant's position is that all this evidence amounts to is silence, that silence is always presumed, and in the absence of other evidence touching upon the conduct of plaintiff, sufficient evidence is not presented to take the case out of the scope of the rule laid down in Paulsen v. Haker, 250 Iowa 532, 95 N.W.2d 47. Defendant has misconstrued Paulsen v. Haker. In the Paulsen case there was no evidence touching on what plaintiff's decedent was or was not doing or her position in the car at or near the point of the accident. The decedent and other girl in the car were killed. The two boys were so injured they remembered nothing

of the accident. The driver had no recollection of the events of the day. The other boy recalled what took place until they were within a mile of the place of the accident. Up to that point the boys were in the front seat, the girls in the back seat. See also Plumb v. Minneapolis and St. Louis Railway Co., 249 Iowa 1187, 91 N.W.2d 380.

■  The difference in the Paulsen case and this one is, in Paulsen there was a total lack of evidence touching on plaintiff's actions at the time when her actions might or might not have contributed to her own safety. There was nothing from which a jury could find plaintiff was free from contributory negligence. In this case the jury could find plaintiff was seated in the middle of the front seat, the night was rainy and misty, visibility was poor, when the car in which plaintiff was riding started to pass the occupants were talking, that the presence of the no-passing line was unknown to the driver and passengers; as they were alongside of and actually passing the semitrailer the occupants of the car became silent and remained so until the collision occurred; that the lights of defendant's car did not become visible to anyone in the Bjork car until they were within 500 feet of each other. From that point until the collision occurred not more than four seconds could possibly have passed. The jury could properly find either there was not time for plaintiff to do or say anything for his own safety or that it would have been unwise for him to do or say anything, and consequently he was free of negligence contributing to his injuries.

Defendant places great stress on the collision being caused by the Bjork car passing the semitrailer in a no-passing zone. However, the evidence is such the jury could properly find the passing was completed and the Bjork car back on its own side of the highway when defendant's car crossed the center line into the path of the Bjork car. The illegal passing would have little or no bearing on the collision. Certainly there is little a passenger can do if an oncoming car turns into the path of the one in which he is riding.

The evidence surrounding the car immediately before the collision, plaintiff's position in the car, and the talking, then

silence, of the occupants constitute an affirmative showing of plaintiff's freedom from contributory negligence.

Generally the question of contributory negligence is for the jury, it is only in exceptional cases that it may be decided as a matter of law.

Our most recent case where the contributory negligence of the passenger was questioned is Mathews v. Beyer, 254 Iowa 52, 116 N.W.2d 477, there plaintiff was riding in the front seat beside her driver-husband. She had her eyes closed but was not asleep. The accident occurred about 5 p.m. on December 4, 1960. The car ahead of the car in which plaintiff was riding stopped to make a left turn without giving a proper signal and with a defective taillight. Plaintiff's husband attempted to stop, he avoided defendant's car, but in doing so collided with an oncoming car. We there held the jury could properly find plaintiff was free from contributory negligence. We said at pages 58, 59 of 254 Iowa, page 481 of 116 N.W.2d:

"It is of course true she was required to make an affirmative showing of her freedom from such negligence. Proof thereof might be circumstantial as well as direct. * * * Just what plaintiff could or should have done to prevent this accident or what she did or failed to do that would constitute contributory negligence, as a matter of law, is not apparent. See Lockwood v. Wiltgen, supra, 251 Iowa 484, 489, 101 N.W.2d 724, 727, 728, and citations."

Other passenger cases bearing on the passenger's freedom from contributory negligence are: Carpenter v. Wolfe, 223 Iowa 417, 273 N.W. 169; Frideres v. Lowden, 235 Iowa 640, 17 N.W.2d 396; Fry v. Smith, 217 Iowa 1295, 253 N.W. 147; Schwind v. Gibson, 220 Iowa 377, 260 N.W. 853; and Rogers v. Jefferson, 223 Iowa 718, 272 N.W. 532, 277 N.W. 570.—Reversed and remanded.

All JUSTICES concur.