CARL LAWRENCE PETERSON, administrator of estate of Dora E. Peterson, deceased, appellant, v. DONALD R. DAVIS, appellee.

No. 50961.

(Reported in 121 N.W.2d 111)

April 9, 1963.

Swanson, Swanson & Boeye, of Red Oak, for appellant.

Leo F. Connolly, of Council Bluffs, and Jonathan B. Richards, of Red Oak, for appellee.

THOMPSON, J.—The sole substantial question involved in the case before us is a limited one. Plaintiff's suit seeks to recover damages for injuries claimed to have been sustained by his decedent in a collision on January 3, 1960, between a car owned and driven by her husband, now the administrator of her estate, and another automobile owned and driven by the defendant. Plaintiff's decedent was riding at the time as a passenger in her husband's car, sitting in the right-hand front seat. At the close of plaintiff's evidence and after he had rested his case, the trial court granted defendant's motion for a directed verdict. From judgment on the verdict we have this appeal.

I. Since the case comes to us upon appeal from a peremptory verdict for the defendant and judgment thereon, we must take the evidence adduced for the plaintiff in the aspect most favorable to him which it will reasonably bear. The record

shows testimony by the plaintiff, who was the driver of the car in which decedent was riding, that he, his wife and 13-year-old son were on their way to church on the morning of January 3, 1960. He turned from Highway No. 34 on Third Street in the city of Red Oak and proceeded south on that street. His wife was riding in the right front seat and his son in the rear seat. The sun was shining and his windshield was clear. As he approached the intersection of Third Street with Valley Street he looked to the left, then to the right. From the right he saw approaching an automobile—which proved to be the one owned and driven by the defendant—which he estimated was about 85 feet from the intersection. He was at the time about 20 feet from the intersection. He said: "I looked down there, and he had at least twice as far to go as I did, so I proceeded to keep my own speed—the same speed, ten or twelve miles per hour and cross the intersection. * * * Well, it didn't look like to me it could possibly be an accident." He then proceeded into and partly across the intersection at the same speed, but when he was somewhat over one-half way across his car was struck on the right-hand side, about in the middle, by the defendant's automobile. He said he could have stopped "if it had been necessary."

The witness also testified that his wife did not have a driver's license and had never driven an automobile. It was about one-half mile from the intersection of Highway No. 34, where he turned into Third Street, and the place of the collision. He had driven about the same speed, 10 to 12 miles per hour, at all times as he went south on Third Street.

Lawrence Dale Peterson testified that he was sitting in the rear seat reading the Sunday newspaper as they approached the intersection, and did not see the Davis car until "it was just about ready to hit." Again he said defendant's car was perhaps 20 to 30 feet away when he first noticed it.

This, with a plat of the intersection and immediate surroundings prepared by the county engineer of Montgomery County, is a summary of the plaintiff's evidence, as shown by the record. When he rested his case, the defendant moved for a peremptory verdict, the important part of the motion being that the plain-

tiff had failed to prove his decedent's freedom from contributory negligence. The plaintiff then asked leave to reopen to offer additional evidence on the point, but this request was refused and the motion to direct sustained.

■ II. "It is a general rule, established by a long line of authority, * * * that the burden is on the plaintiff to show his freedom from [contributory] negligence." Gregory v. Woodworth, 93 Iowa 246, 248, 61 N.W. 962, 963. Few rules are more firmly settled in Iowa. And proof of such freedom is of the "very substance" of plaintiff's case. Central Vermont Ry. Co. v. White, 238 U. S. 507, 512, 35 S. Ct. 865, 867, 59 L. Ed. 1433, Ann. Cas. 1916B 252; Fort Dodge Hotel Co. v. Bartelt, C. C. A., 8th Cir., 119 F.2d 253, 258.

■■ It must be conceded that there is no slightest evidence of what the decedent here did in the exercise of due care for her own safety as the car in which she was riding approached the intersection. Plaintiff's counsel say in their brief and argument "The evidence is silent on what Dora E. Peterson did herself." However, it is now contended that the fact that she had never driven an automobile and had no driver's license, and that the driver saw the approaching car in ample time shows there was nothing she could have done, and so she could not have been charged with any negligence which contributed to her injury and damages. We cannot agree. She sat on the right hand of the driver, the side from which the danger came. In fact she might have been guilty of contributory negligence even if the driver was not guilty of negligence. In Plumb v. Minneapolis and St. Louis Ry. Co., 249 Iowa 1187, 91 N.W.2d 380, we said: "The passenger occupied the right side of the seat, the direction from which the train approached, and a somewhat clearer view of it was available to him than to the driver. Although the driver was required to exercise greater vigilance than the passenger, the latter could not entirely entrust his safety to the former." Loc. cit. 249 Iowa 1194, 91 N.W.2d 385.

The instant case seems to be ruled by Paulsen v. Haker, 250 Iowa 532, 95 N.W.2d 47. There, as here, there was no evidence as to what the passenger in the automobile, the decedent

whose estate sought damages, did or did not do for her own protection. As pointed out in the Plumb case, the decedent here had a better view of traffic coming from the right than the driver; she could conceivably have warned him before he saw the vehicle himself; or, although she was not herself a driver, she might have had better judgment as to the speed with which the Davis car was approaching. We do not say it was her duty as a matter of law to do these things; only that there should have been some evidence as to what she did or did not do. So far as the record shows, she may have done something actually dangerous, such as diverting the driver's attention or interfering with the operation of the car in some way. To paraphrase an observation in Farm Service Co. v. Tobin, 254 Iowa 1328, 1333, 121 N.W.2d 128, 130: Why the plaintiff who was the driver of the car, and beside whom the decedent sat, was not asked to describe her conduct "apparently must remain a mystery."

The plaintiff relies on Puhrmann v. Lund, 254 Iowa 304, 117 N.W.2d 495, and Mathews v. Beyer, 254 Iowa 52, 116 N.W.2d 477. But in each of these cases there was a showing of what the plaintiff was doing at the time of the collision. True, the showing in each case was substantially that the passenger-plaintiff did nothing. But this made a jury question as to whether freedom from contributory negligence was shown. It gave the jury something from which it might make the decision. Much different is the case when no showing whatever is made of the plaintiff's actions immediately preceding the collision. There is then nothing upon which the jury can act. A jury is not required or permitted to act in a vacuum. A plaintiff who has the burden to show a fact, such as freedom from contributory negligence, can hardly be said to have carried that burden when he, or she, offers no evidence whatever on the point. This is not a case where there is some evidence as to what the plaintiff did or did not do; the record is entirely blank. While trials on the merits are much preferred, there must be established rules of law which should be followed in the orderly administration of justice. We are unable to see any distinction between this case and Paulsen v. Haker, supra. There we said at page 545

1364

of 250 Iowa: "But she [the decedent] was required to exercise ordinary care for her own safety. The burden being upon plaintiffs to establish her freedom from negligence contributing to the injuries suffered, in the absence of any evidence whatever upon the question of what she did or did not do, it must be held as a matter of law their case has failed in this respect."

III. The trial court refused to permit plaintiff to reopen his case to offer evidence upon the point of his decedent's freedom from contributory negligence. It would have been more in line with the ordinary desire of the courts that cases be tried on their merits if the reopening had been permitted. But whether the refusal of the court to permit the reopening was an abuse of its discretion in such matters is not before us. While the plaintiff did in the record assign error upon this ruling of the trial court, the error is not argued. Under such circumstances we may not consider it. It is deemed waived. Gilbrech v. Kloberdanz, 252 Iowa 509, 515, 107 N.W.2d 574, 578; Ver Steegh v. Flaugh, 251 Iowa 1011, 1026, 103 N.W.2d 718, 727; State v. Sampson, 248 Iowa 458, 466, 79 N.W.2d 210, 215; Waterloo Savings Bank v. Waterloo, Cedar Falls & Northern Railroad, 244 Iowa 1364, 1376, 60 N.W.2d 572, 579; R. C. P. 344 (a)(4)(Third).—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.