CYRIL H. STRANG et al., as administrators of estate of Mary Strang, deceased, appellants, v. GEORGE FRINK, appellee.

No. 51681.

(Reported in 135 N.W.2d 103)

MAY 4, 1965.

REHEARING DENIED JUNE 30, 1965.

Less & Less, of Cascade, and Clewell, Cooney & Fuerste, of Dubuque, for appellants.

O'Connor, Thomas, Wright, Hammer & Bertsch, of Dubuque, for appellee.

GARFIELD, C. J.—This is a law action by the administrators of the estate of Mary Strang, deceased, to recover for her death resulting from an automobile collision allegedly caused by defendant's negligence. At the conclusion of plaintiffs' evidence the trial court directed a verdict for defendant on the ground of failure of proof of his actionable negligence. From judgment on the directed verdict plaintiffs have appealed.

I. Defendant makes no attempt to uphold the court's ruling on the ground on which it was placed. He seeks to uphold it on another ground of his motion to direct, which was overruled, that decedent's conduct constituted contributory negli-

gence as a matter of law. Defendant is entitled to argue the ruling should be affirmed on any asserted ground of the motion to direct even though the motion was not sustained on such ground. Culbertson v. Anderson, 251 Iowa 265, 273, 274, 100 N.W.2d 633, 637, and citations; Markman v. Hoefer, 252 Iowa 118, 123, 106 N.W.2d 59, 62, and citations; Ontario Livestock Comm. Co. v. Flynn, 256 Iowa 116, 123, 124, 126 N.W.2d 362, 366, 367.

II. The following propositions are deemed so well established that authorities need not be cited in support of any of them. Upon this appeal we give plaintiffs' evidence the most favorable construction it will reasonably bear. Plaintiffs must prove decedent's freedom from contributory negligence by a preponderance of the evidence. Generally the question of freedom from contributory negligence is for the jury; it is only in exceptional cases it may be decided as a matter of law. Even when the facts are not in dispute or contradicted, if reasonable minds might draw different inferences from them, a jury question is engendered. See rule 344(f), 2, 8, 10 and 17, Rules of Civil Procedure.

III. Decedent, 86 years, 9 months old at the time of the accident, was a rear seat passenger in an automobile driven by her daughter Margaret Eilers, then 60. They had started the return trip from Dubuque to their home in Monticello (about 35 miles) on a Sunday afternoon. The highway, U. S. 151, was divided, with two lanes for traffic in each direction and a median strip six to eight inches high between the two inside lanes. Mrs. Eilers approached the highway from Grandview Avenue in Dubuque which passed over 151 near the entrance she took. She had not driven this route before since "they" had the new road and was not familiar with it.

When Mrs. Eilers reached the overpass she stopped, saw no arrow pointing to the right, thought she was supposed to cross the overpass, did so, and then mistakenly took the approach to 151 that led to the northbound (east) lanes rather than the southbound (west) ones she intended to enter. Mrs. Eilers soon realized her error and was so frightened she did not know what to do. She decided she would try to "jump" over the median strip on a bridge she was approaching and thus get into the

southbound side. There was no grass growing in this strip on the bridge. Before Mrs. Eilers could carry out her plan she collided with defendant's northbound car which was in the act of passing a truck, also going north. She was driving only about 15 miles per hour as far to her right (west) as she could get.

Mrs. Eilers testified her mother was sitting behind her in the left rear seat, Mr. Eilers was at his wife's right in the front seat, and the ten-year-old Eilers boy was sitting at decedent's right in the rear seat. She also said, "My mother never made any comments about my speed or my driving. She at no time said anything or warned or advised me about being on a one-way road. * * * I knew I was on the wrong side of the road, nobody had to warn me." At another point Mrs. Eilers testified, "My mother had nothing to do with coming or going in this automobile except to ride along. She did not drive a car."

IV. We think the issue of decedent's freedom from contributory negligence was properly for the jury and the directed verdict may not be upheld on the ground now urged.

This case is to be distinguished from one Mrs. Eilers might have brought to recover for her own injuries. Recovery for the death of decedent-passenger is controlled by different considerations. She had no control over the automobile. Her daughter's negligence, therefore, is not to be imputed to decedent. The question is whether decedent, rather than Mrs. Eilers, exercised ordinary care for her own safety.

It is probably true that decedent to a limited extent entrusted her safety and the direction of the automobile to her daughter. But this was not necessarily negligence on her part. A passenger in an automobile is not under an absolute duty to see an impending danger in time to interfere and prevent it. Within reasonable limits she may rely upon the skill and judgment of the driver. A passenger is not required to exercise the same degree of vigilance as required of the driver. In support of what is so far said in this division see Frideres v. Lowden, 235 Iowa 640, 647, 648, 17 N.W.2d 396, 400, and citations. See also Teufel v. Kaufmann, 233 Iowa 443, 447, 448, 6 N.W.2d 850, 852, 853, and citations.

Defendant argues decedent should have demanded that her

daughter stop the car and allow her to alight, or tell her to immediately cross the median strip, or turn to her left to the shoulder on the east side of the northbound lanes, or warn her daughter of the imminent collision with defendant. This is proper argument to a jury that will doubtless be urged upon it in the event of a retrial. But we are not persuaded the exercise of ordinary care required decedent, as a matter of law, to resort to any of the suggested alternatives. It would seem reasonable minds might not agree as to the wisdom of taking any of these steps.

In connection with what is just said see Puhrmann v. Lund, 254 Iowa 304, 307, 117 N.W.2d 495, 497; also Teufel v. Kaufmann, supra, which holds, "* * * while a passenger in an automobile must exercise reasonable care for his safety, he is not necessarily under the duty to do some specific thing such as warn the driver."

This is not such a case as Paulsen v. Haker, 250 Iowa 532, 95 N.W.2d 47, cited by defendant, or Peterson v. Davis, 254 Iowa 1359, 121 N.W.2d 111, not cited by him. In each case no evidence was offered as to what the injured passenger was *or was not* doing at the time of the accident. So far as shown, she may have been doing something actually dangerous, such as diverting the driver's attention or interfering with operation of the car. In the cited precedents the jury had no evidence from which it could determine the question of freedom from contributory negligence.

Where, as here, it is shown the passenger does or says substantially nothing a jury question is presented on freedom from contributory negligence. The jury then has something from which it may decide the issue, perhaps on the theory it would be unwise for the passenger to have done or said anything under the circumstances or that her not doing so did not contribute directly to the collision and resulting injury. This is all fully explained in Peterson v. Davis, supra, Puhrmann v. Lund, supra, 254 Iowa 304, 307, 117 N.W.2d 495, 497, and McKirchy v. Ness, 256 Iowa 744, 753, 754, 128 N.W.2d 910, 915, 916. See also Mathews v. Beyer, 254 Iowa 52, 58, 59, 116 N.W.2d 477, 481.

Aside from Paulsen v. Haker, supra, 250 Iowa 532, 95 N.W.

2d 47, defendant's main reliance seems to be upon Hewitt v. Ogle, 219 Iowa 46, 256 N.W. 755, which upholds a judgment on directed verdict against a passenger in an automobile on the ground of her contributory negligence. The Hewitt opinion deals mainly with the contributory negligence of the driver, rather than the passenger, and does not mention the lesser degree of vigilance required of the latter. The principal precedent the opinion cites and quotes from at length is not one which involved a passenger's freedom from contributory negligence. Hewitt v. Ogle has been distinguished in some of our later cases that more nearly resemble this one and is not controlling here.

■ V. We must disagree with plaintiffs' contention they are entitled to the benefit of the no eyewitness rule on the issue of decedent's freedom from contributory negligence. Briefly stated, the rule is that where there is no eyewitness and no obtainable direct evidence of what a decedent did or failed to do by way of precaution at and immediately prior to the time of his injury, the jury may infer he was in the exercise of ordinary care for his own safety. Lingle v. Minneapolis & St. L. Ry. Co., 251 Iowa 1183, 1187, 104 N.W.2d 467, 469, and citations; Vandello v. Allied Gas & Chemical Co., 252 Iowa 1313, 1315, 1316, 110 N.W.2d 232, 233; Hoffman v. Monroe Welding Supply Co., 253 Iowa 591, 596, 113 N.W.2d 237, 240, and citations.

■ It is implicit in our holding in Division IV that there is direct evidence of what decedent did or failed to do at and immediately prior to the time of her fatal injury. As we there try to point out upon the authority of several of our recent precedents, direct evidence that decedent said or did nothing is direct evidence on which a finding of freedom from contributory negligence could properly rest. Direct evidence of what a decedent failed to do during the material moments preceding an injury precludes application of the no eyewitness rule just as does direct evidence of what a decedent affirmatively did. In either event there is direct evidence of decedent's conduct.

VI. As stated at the outset, defendant makes no attempt to uphold the directed verdict on the ground on which it was placed—asserted failure of proof of defendant's actionable negligence. Since it seems to be conceded the ruling may not be

sustained on such ground, discussion of the point is deemed unnecessary. However, in view of the reversal and remand for a new trial, we may say the issue of defendant's negligence should also have been submitted to the jury.

The judgment is reversed and the cause remanded for a new trial.—Reversed and remanded.

All JUSTICES concur except HAYS, J., not sitting.