ELMER A. MAREAN, administrator of estate of Allen Eugene Marean, deceased, appellee, v. H. RAND PETERSEN, administrator of estate of Larry Joseph Hoelscher, deceased, appellant.

GRETA L. NELSON, administratrix of estate of Freddie Lee Sheeder, deceased, appellee, v. H. RAND PETERSEN, administrator of estate of Larry Joseph Hoelscher, deceased, appellant.

No. 52051.

SEPTEMBER 20, 1966.

Connolly & Connolly, of Council Bluffs, and Fred Louis, Jr., of Harlan, for appellant.

Taylor & Taylor, of Guthrie Center, for appellees.

RAWLINGS, J.—Plaintiffs as administrators of the estates of their respective decedents filed similar petitions, each claiming death damages resulting from a highway accident involving two vehicles, one an automobile owned and occupied by defendant's decedent in which plaintiffs' decedents were also riding, the other an opposite direction truck. The two actions were consolidated for trial to the court, judgment. was granted each plaintiff, and defendant appeals both cases.

Count one of both petitions alleged each plaintiff's decedent was a passenger in an automobile owned and operated by defendant's decedent who was negligent in that he failed to yield one half the roadway; drove at an excessive speed; failed to have his car under control; failed to stop in the assured clear distance ahead; improperly passed a same direction vehicle; failed to keep a proper lookout, this negligence being the proximate cause of an accident which resulted in the death of each plaintiff's decedent, and absence of contributory negligence on their part.

Count two was in substantially the same form as count one but asserted each plaintiff's decedent was a guest and the automobile in which they were riding was operated recklessly by defendant's decedent.

Defendant's answers denied all material allegations in the petitions relating to liability, and by amendment alleged each plaintiff's decedent assumed the danger of riding with defendant's decedent.

For brevity and convenience plaintiffs' decedents, Allen Eugene Marean and Freddie Lee Sheeder, will sometimes hereinafter be referred to respectively as plaintiff Marean and plaintiff Sheeder. Defendant's decedent, Larry Joseph Hoelscher, will sometimes hereinafter be referred to as defendant Hoelscher.

All of these parties were young men. They lived in or near Guthrie Center but were employed by Western Iowa Pork Company at Harlan. Each drove his own automobile every third day, providing transportation to and from work for the other two.

The three left work September 19, 1963, in a car owned by defendant Hoelscher, but about five and one-half miles east of

Harlan an accident occurred. All occupants of the car died at time of the mishap. The truck driver expired a short time later.

Defendant contends the trial court erred in finding: (1) Defendant Hoelscher was driving his automobile at time of the fatal accident; (2) plaintiffs Marean and Sheeder were nongratuitous passengers; (3) they did not assume the risk of a known racing trip to Guthrie Center; (4) plaintiffs' decedents were free from contributory negligence; and (5) the estate of plaintiff Sheeder was entitled to $11,000 damages.

I. These being actions at law they are reviewable only on errors assigned. The trial court's findings of fact have the standing of a special verdict equivalent to that of a jury, and if supported by substantial evidence will not be disturbed. Also we view the evidence presented in that light most favorable to the judgment of the trial court. Rules 344(a)(3) and 344(f)(1), Rules of Civil Procedure; McCune v. Muenich, 255 Iowa 755, 757, 124 N.W.2d 130; and Associates Discount Corp. v. Held, 255 Iowa 680, 683, 123 N.W.2d 869.

II. Defendant submits the trial court erred in finding defendant Hoelscher was driving his car at time of the accident and was therefore in error in finding plaintiffs' decedents were free from contributory negligence.

Here he apparently contends the showing made was insufficient to prove defendant Hoelscher was operating his automobile when the accident occurred, one of the other two in the vehicle could have been driving, and upon this premise freedom from contributory negligence could not be and was not established.

The fallacy of this argument stems in part from the fact it presupposes absence of proof defendant Hoelscher was driving his car at time of the fatal mishap.

No one actually saw the driver or other occupants of the subject vehicle from time of leaving the Western Iowa Pork premises in Harlan, to the moment of the accident.

One witness said plaintiff Sheeder came out of the plant, got into the Hoelscher car and drove it down to the driveway. But on cross-examination he stated Sheeder evidently did this, and that he saw none of the three after they came out.

Mrs. Arnold Anderson, a same direction driver of another

automobile, stated the death car passed her just before the accident but she had only a fleeting glimpse of the occupants, and did not know the identity of the driver or others in the car, or where they were seated.

A highway patrolman, with 13 years experience in that position, arrived on the scene soon after the accident but before the vehicles involved or the bodies had been moved. It was his belief the Hoelscher car, traveling at least 90 miles an hour, hit an oncoming truck head on and went under it, shearing off the top of the automobile.

He said there was a body in the front seat, the lower half resting under the wheel, the upper portion stretched to the right, the legs being under the clutch and brake pedals. He also stated this was the least damaged body of the three, and that the left or driver's side of the automobile was not as badly damaged as were other portions of the car. This was the body of defendant Hoelscher. Over defendant's objection he expressed the opinion defendant Hoelscher was operating his vehicle at time of the collision.

This same witness stated the Sheeder boy's body, partially decapitated, was found in a ditch to the east and near the front of the car. He then expressed an opinion, subject to objection, plaintiff Sheeder was riding in the right front seat when the mishap occurred.

This officer also saw the lower half of plaintiff Marean's body in the rear seat, the upper portion being found on the edge of the highway approximately halfway between the car and the collision involved truck. Over objection he concluded plaintiff Marean had been riding in the rear seat of the subject vehicle.

The sheriff, having served in that office about 16 years, gave substantially the same testimony and at one point, absent any objection, voiced the conclusion defendant Hoelscher was operating his automobile at time of the crash.

In the case of Grismore v. Consolidated Products Co., 232 Iowa 328, 342, 5 N.W.2d 646, we said and have since repeatedly held, receipt of opinion evidence, lay or expert, and the extent to which it will be received in any case are

matters resting largely in the administrative discretion of the trial court, and we are reluctant to interfere with such discretion unless it has been manifestly abused to the prejudice of the complaining party.

Then in Nicholson v. City of Des Moines, 246 Iowa 318, 327, 328, 67 N.W.2d 533, this court held that generally a non-expert witness may not state his opinions, but may do so if he had special opportunities to observe, and is qualified to draw proper inferences from available facts; special experience may enable him to draw a more nearly accurate inference than the trier of the facts; considerable discretion in admitting such testimony is vested in the trial court; and even slight qualifications will suffice, the absence of strong qualifications going to the weight rather than admissibility of the evidence. See also Smith v. Cedar Rapids Country Club, 255 Iowa 1199, 1210, 124 N.W.2d 557; Long v. Gilchrist, 251 Iowa 1294, 1297, 105 N.W.2d 82; and 20 Am. Jur., Evidence, sections 763–786, pages 633–661.

However, it is not necessary to here determine admissibility of the patrolman's opinions. Admission of the sheriff's testimony, without objection, eliminated prejudice, if any, in admission of any opinion by the patrolman. Bohnsack v. Driftmier, 243 Iowa 383, 396, 52 N.W.2d 79, and State v. Olson, 249 Iowa 536, 560, 86 N.W.2d 214.

III. In any event identity of the driver, being the focal point of our present problem is otherwise established by the inference, sometimes referred to as a rebuttable presumption, that an owner-occupant of a vehicle involved in an accident was being operated by him where there is no direct testimony as to identity of the driver. Sections 321.1(36) and 321.493, Code, 1962; Claussen v. Estate of Johnson, 224 Iowa 990, 992, 278 N.W. 297; Lukehart v. Gleason, 207 F.2d 529, 531; Sprader v. Mueller, 265 Minn. 111, 121 N.W.2d 176, 177; and 8 Am. Jur.2d, Automobiles and Highway Traffic, section 910, page 457. See also annotations, 32 A. L. R.2d 988.

Defendant Hoelscher owned the subject automobile, he was an occupant, and after the accident his body was in the front seat of the car in a location normally occupied by the

driver, with the legs under and near the floor controls.

We are persuaded the factual situation in this case serves to substantiate the inference or rebuttable presumption defendant Hoelscher was driving his automobile when the fatal accident occurred. In support hereof see Cole v. Swagler, 308 N. Y. 325, 125 N.E.2d 592, 593–595; Kimberly v. Reed, 79 Ga. App. 137, 53 S.E.2d 208, 214; and Shaughnessy v. Morrison, 116 Conn. 661, 165 A. 553, 554.

The trial court so found and there is to us no cause to disagree. See 61 C. J. S., Motor Vehicles, section 523, page 418.

IV. The evidence also discloses plaintiff Sheeder had once before been employed by Western Iowa Pork Company but had quit and when called to return agreed to do so if two or three others living in the Guthrie Center area would also be employed in order that he might effect the economy of a share-the-ride arrangement. This was agreeable to the prospective employer.

The three young men were accordingly hired. They then entered into an oral agreement to the effect that every third day each would drive, paying all expenses in connection with the operation of his own automobile, providing transportation for the other two.

██ Our guest statute, section 321.494, Code, 1962, like most others of its kind, was enacted in order to correct certain well-known evils then existing—protection of the well-meaning good samaritan owner or operator of an automobile. Powers v. Hatcher, 257 Iowa 833, 836, 135 N.W.2d 114, 116.

 This court has also given recognition to the inference an occupant of a car operated by another is a guest, placing upon the one contending otherwise the burden of so proving. On the other hand, one who rides in an automobile "for the definite and tangible benefit of the owner or operator" or "for the mutual, definite and tangible benefit of the owner or operator on one hand and of himself on the other" is not a guest within the meaning of section 321.494, Code, 1962. Morrow v. Redd, 257 Iowa 151, 154, 131 N.W.2d 761, 763; Reeves v. Beekman, 256 Iowa 263, 267, 127 N.W.2d 95; Winter v. Moore, 255 Iowa 1, 9, 121 N.W.2d 82; Nielsen v. Kohlstedt, 254 Iowa 470, 474, 117 N.W.2d 900; and Restatement, Torts 2d, section 490.

In Livingston v. Schreckengost, 255 Iowa 1102, 1104–1111, 125 N.W.2d 126, we agreed a share-the-ride plan such as that which here confronts us served to take the passenger out of the guest statute as a matter of law or created a factual situation for jury determination, depending upon the proof presented in each case, acknowledging this to be the majority view. See also Thuente v. Hart Motors, 234 Iowa 1294, 1300, 15 N.W.2d 622; Ehrsam v. Borgen, 185 Kan. 776, 347 P.2d 260, 264; Kinney v. Kraml Dairy, Inc., 20 Ill. App.2d 531, 156 N.E.2d 623, 626; Collins v. Rydman, 344 Mich. 588, 74 N.W.2d 900, 902; Gilliland v. Singleton, 204 Va. 115, 129 S.E.2d 641, 644; and 8 Am. Jur.2d, Automobiles and Highway Traffic, sections 475, page 40, and 480, page 47. Also annotations, 146 A. L. R. 640 and 161 A. L. R. 917.

The trial court reasonably concluded the car pool arrangement here involved was not motivated by any social purpose, being in fact a practical working plan serving a common economic need, and plaintiffs Marean and Sheeder were not guests within the purview of Code section 321.494, being in fact nongratuitous passengers.

Despite defendant's contentions to the contrary we are abidingly satisfied the showing made was sufficient to sustain this finding.

V. A statutory mandate long recognized by this court is that a host-driver is not liable for injuries to or death of a guest-occupant, absent proof of recklessness or intoxication of the operator. Code section 321.494; Hardwick v. Bublitz, 253 Iowa 49, 52, 111 N.W.2d 309; and White v. McVicker, 216 Iowa 90, 94, 246 N.W. 385.

But in cases not involving a host-guest relationship where the passenger is injured or killed, recovery may be had for negligence of the driver. Morrow v. Redd, 257 Iowa 151, 154, 131 N.W.2d 761, 763.

In this connection the trial court, sitting as a jury, also decided the accident was not the proximate result of speed but was causatively due to the fact defendant Hoelscher pulled onto the left lane of the highway in a no-passing zone and struck the oncoming opposite direction truck near the crest

of a hill. The trier of the facts found ample evidence upon which to conclude defendant's decedent was negligent substantially as alleged, and this was the proximate cause of the fatal accident. We agree. Rule 344(f)(1), R. C. P., and Cronk v. Iowa Power and Light Co., 258 Iowa 603, 613, 138 N.W.2d 843, 848, 849.

VI. One of the arguments advanced by defendant is to the effect plaintiffs' decedents failed to establish by the necessary degree of proof their freedom from contributory negligence. We do not agree with this contention.

He here takes the position defendant Hoelscher was a known fast driver; during their working hours prior to the fatal trip these three decedents and others talked about a Guthrie Center-Harlan time record; expressed the belief defendant Hoelscher could better it; and that under these circumstances plaintiffs' decedents were contributorially negligent when they got into and rode in the subject automobile. The evidence on this point is not without dispute, or is in any event subject to conflicting interpretations.

It is well established in this state that in the absence of legal excuse a plaintiff's contributory negligence ordinarily bars recovery against a defendant whose negligence would otherwise make him liable to the plaintiff for harm sustained by him. To be contributory the negligence need not be such as to meet the proximate cause test. All negligence on the part of a claimant is not necessarily contributory. Rather, the negligence of a claimant which will bar recovery for negligence of another must in fact be contributory. Clubb v. Osborn, 256 Iowa 1154, 1161, 130 N.W.2d 648, and Restatement, Torts 2d, sections 463–466. See also rule 97, R. C. P., and Katcher v. Heidenwirth, 254 Iowa 454, 458, 459, 118 N.W.2d 52, 6 A. L. R.3d 1293.

At this point the distinction between contributory negligence and assumption of risk becomes significant for it appears defendant here speaks of the former but argues the latter.

In Bohnsack v. Driftmier, 243 Iowa 383, 392, 393, 52 N.W.2d 79, this court said:

"The doctrine of assumed risk is an application of the maxim, volenti non fit injuria—'That to which a person assents is not esteemed in law an injury.' [Authorities cited]

· "We have frequently pointed out that assumption of risk should not be confused with contributory negligence. As said in White v. McVicker, supra, 216 Iowa 90, 91, 246 N.W. 385, 386, 'While the doctrine of contributory negligence and assumption of risk may arise under the same set of facts and sometimes thus overlap each other, yet we have consistently distinguished them and held that they are distinct and separate and must not be confounded with each other.' * * *.

 "Mere lack of care, without more, does not amount to assumption of risk. The doctrine involves a choice between a course known to be dangerous and one that is not. [Authorities cited] ('The doctrine of assumption of risk is not based on negligence but the voluntary assumption of the danger by the plaintiff with full knowledge thereof * * *.').

"It cannot logically be held that one has deliberately chosen a dangerous course of which he is ignorant merely because he should have known of it."

See also Restatement, Torts 2d, section 496D.

 Referring now to the case of Edwards v. Kirk, 227 Iowa 684, 687, 288 N.W. 875, we there explained the differentiation substantially as follows: Assumption of risk involves more or less deliberation, whereas contributory negligence implies lack of care, and hence absence of deliberate choice.

· Stated otherwise assumption of risk defeats recovery because it is a previous abandonment of a right to complain if an accident occurs, while the essence of contributory negligence is carelessness, a matter of conduct, a lack of reasonable care leading more immediately to a specific accident. See 65 C. J. S., Negligence, section 117, page 709, and annotations, 82 A. L. R.2d 1218.

VII. Pursuing the matter of contributory negligence one step further, it appears that other than Mrs. Anderson and her husband, no known living person saw the death car at any particular moment prior to the impact. These two witnesses had but a fleeting glimpse of the Hoelscher automobile as it passed them but did not see who was in the car, their positions, or what they were doing. They did see the Hoelscher automobile move back into its right lane after passing them, swerve sud-

denly to the left across the yellow no-passing line onto the left side of the pavement in an attempt to pass another same direction vehicle, then the impact of the car with the oncoming truck which came over the crest of the hill.

The focal point of the issue now before us is whether the no eyewitness concept could be properly applied to plaintiffs' decedents. Our problem is to determine whether they, rather than defendant Hoelscher, did or did not exercise ordinary care for their own safety.

■ We have defined the no eyewitness rule as follows: Where there is no obtainable direct evidence of what a decedent did or failed to do immediately prior to the time of his injury the jury (trier of the facts) may infer he was in the exercise of ordinary care for his own safety. Strang v. Frink, 257 Iowa 1106, 1111, 135 N.W.2d 103, 106, 107, and Lingle v. Minneapolis & St. L. Ry. Co., 251 Iowa 1183, 1187, 104 N.W.2d 467. See also 43 Iowa Law Review 57, and 6 Drake Law Review 101.

■ And, as stated in Mathews v. Beyer, 254 Iowa 52, 58, 116 N.W.2d 477, proof of freedom from contributory negligence may be established by circumstantial as well as direct evidence. See also Hayes v. Stunkard, 233 Iowa 582, 586, 10 N.W.2d 19.

■ It is to us evident the causative events immediately prior to and at time of impact occurred so fast as to make impossible any act or omission on the part of plaintiffs' decedents which could have contributed to the fatal collision. There was no error on the part of the trial court in holding the no eyewitness rule applicable to plaintiffs' decedents.

In support of his stand to the contrary, defendant cites and leans rather heavily on Peterson v. Davis, 254 Iowa 1359, 121 N.W.2d 111; Paulsen v. Haker, 250 Iowa 532, 95 N.W.2d 47; and Plumb v. Minneapolis & St. L. Ry. Co., 249 Iowa 1187, 91 N.W.2d 380. We find these cases either factually incomparable or legally inapplicable.

As demonstrated by Puhrmann v. Lund, 254 Iowa 304, 307, 117 N.W.2d 495, the difference in the cases cited by defendant and the one now before us is that in the cases relied on by defendant there is a total lack of evidence touching on the actions

of decedents at the time when those actions might or might not have contributed to the safety of plaintiffs. But in the case now before us the evidence is sufficient to support a finding there was neither time nor opportunity for plaintiffs' decedents to do or fail to do anything which contributed to their deaths.

Furthermore, the question of contributory negligence is ordinarily determinable by the jury (trier of the facts), and only in exceptional cases may it be decided as a matter of law. Rule 344(f)(1), R. C. P.

The finding that plaintiffs' decedents had satisfactorily established their freedom from contributory negligence is adequately supported by the record. There is no sound basis upon which to now hold this conclusion erroneous as a matter of law.

VIII. Defendant also contends the trial court erred in holding the previously discussed assumption of risk doctrine afforded defendant no relief under the evidence presented.

We have held this to be an affirmative defense. Christopherson v. Christensen, 258 Iowa 648, 656, 140 N.W.2d 146, 151, and Reeves v. Beekman, 256 Iowa 263, 267, 268, 127 N.W.2d 95. In that respect the trial court found defendant failed to meet the burden of proof imposed upon him. We find no reason to disagree with that finding by the trier of the facts.

IX. Defendant also challenges the amount awarded the estate of plaintiff Sheeder.

In Hurtig v. Bjork, 258 Iowa 155, 162, 138 N.W.2d 62, 66, this court approved an award of $12,000 for the wrongful death of a five-year-old girl with some allowance for a relatively short period of pain and suffering and an attendant burial expense of $921.

We there also held the measure of recovery for death of a minor is the present worth of the estate he would reasonably be expected to save and accumulate as a result of his efforts after reaching majority if·he lived out his natural life. However, in computing present worth the minor's life expectancy is to be used.

Then in Beyer v. City of Dubuque, 258 Iowa 476, 489, 139 N.W.2d 428, 436, this court reiterated its position in the weighing of verdicts on appeal in holding: (1) It is not for us to

invade the province of the jury (or trier of the facts) ; (2) a comparison of verdicts is seldom helpful; and (3) the diminished purchasing power of the dollar is a factor to be considered.

At the time of his death plaintiff Sheeder was 17 years of age and as might be expected had accumulated little or no estate. He did not finish high school but was physically fit, industrious, thrifty, dependable, of normal intelligence, well liked by his associates, interested in mechanics, enjoyed hunting, and gainfully employed. Cost of burial was $471.75, interest on this item being allowable for such time as it was prematurely incurred, not to exceed the cost. Mallinger v. Brussow, 252 Iowa 54, 57, 105 N.W.2d 626.

We are satisfied the subject award of $11,000 by the trial court is not flagrantly excessive, is not so out of reason as to shock the conscience or raise a presumption it is the result of passion, prejudice or other ulterior influence, and is not lacking in evidential support. Stated otherwise there is no evident cause for us to disturb the award of damages to the estate of plaintiff Sheeder. Brophy v. Iowa-Illinois Gas & Electric Co., 254 Iowa 895, 898, 119 N.W.2d 865.

X. Holding as we do there was substantial evidence to support the trial court's findings of fact, and no reversible error in any of the respects assigned and argued by defendant, the judgment for each plaintiff must be approved.

Affirmed on both appeals. All costs hereof are taxed to defendant. Both judgments affirmed.

All JUSTICES concur.