# IN THE COURT OF APPEALS OF IOWA

No. 17-0302
Filed November 8, 2017

**STEVEN EURICH,**
          Plaintiff-Appellant,

**vs.**

**BASS PRO OUTDOOR WORLD, L.L.C.**
**and CINTAS CORPORATION NO. 2,**
          Defendants-Appellees.

_____

        Appeal from the Iowa District Court for Pottawattamie County, James S.

Heckerman, Judge.


        Steven Eurich appeals a district court order granting summary judgment

on his negligence claim. **REVERSED AND REMANDED.**


        Aaron F. Smeall of Smith, Gardner, Slusky, Lazer, Pohren & Rogers,

L.L.P., Omaha, Nebraska, for appellant.

        Michael F. Scahill and David A. Blagg of Cassem, Tierney, Adams, Gotch

& Douglas, Omaha, Nebraska, for appellee Bass Pro Outdoor World, L.L.C.

        Rubina S. Khaleel and Stephen P. Murray of Hennessy & Roach, P.C.,

Omaha, Nebraska, for appellee Cintas Corporation No. 2.


        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Steven Eurich appeals a district court order granting summary judgment on his negligence claim. He contends the district court erred in granting summary judgment because it improperly applied the Restatement (Second) of Torts rather than the Restatement (Third) of Torts in determining whether the defendants, Bass Pro Outdoor World, L.L.C. (Bass Pro) and Cintas Corporation No. 2 (Cintas), owed a duty to him. He additionally argues the court improperly failed to rule upon the admission of an exhibit prior to its summary-judgment ruling.

I.      **Background Facts and Proceedings**

The following facts are undisputed. In February 2014, Eurich and his wife visited a Bass Pro establishment. Upon entering the store and the door closing behind him, Eurich noticed the rug in the entryway "had large wrinkles of about maybe 2 to 3 inches tall." He nevertheless attempted to traverse the rug. In doing so, his foot "got caught" on the rug and he ultimately fell to the floor, allegedly resulting in injury.

Eurich filed a petition alleging negligence on the part of Bass Pro and Cintas. Both Bass Pro and Cintas denied any liability. Bass Pro and Cintas filed a joint motion for summary judgment, arguing there was "no genuine issue as to any material fact with regard to an alleged breach of duty." In their joint memorandum of authorities they argued, because Eurich admitted in his deposition that he saw the rug deficiency prior to attempting to step over it, he had knowledge of the dangerous condition and they therefore had no duty to Eurich and were not liable for his injuries. In his resistance, Eurich argued Bass

Pro and Cintas's position relied on the Restatement (Second) of Torts and contended the standard therein "has been replaced by Iowa's adoption of the premises liability standard set forth in [the] Restatement (Third) of Torts."

A hearing was held in which the parties offered arguments and exhibits. Three days after the hearing, Eurich submitted a proposed exhibit, an "affidavit of Steven Eurich," and moved to reopen the evidence. Bass Pro and Cintas objected to the admission of the exhibit. Without ruling on the submission of the exhibit, the court subsequently granted Bass Pro and Cintas's motion for summary judgment, apparently basing its conclusion on the undisputed fact that Eurich was aware of the condition of the rug before he attempted to step over it. Eurich filed a motion to enlarge requesting the court to rule on the offer of the exhibit. The court overruled the motion and this appeal followed.

## II. Standard of Review

"We review a district court ruling granting a motion for summary judgment for correction of errors at law." *Plowman v. Fort Madison Cmty. Hosp.*, 896 N.W.2d 393, 398 (Iowa 2017) (quoting *Estate of Gray ex rel. Gray v. Baldi*, 880 N.W.2d 451, 455 (Iowa 2016)). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Iowa R. Civ. P. 1.981(3). "We . . . view the record in the light most favorable to the nonmoving party and will grant that party all reasonable inferences that can be drawn from the record." *Plowman*, 896 N.W.2d at 398 (alteration in original) (quoting *Baldi*, 880 N.W.2d at 455).

### III.   Analysis

Eurich first argues the district court improperly applied the Restatement (Second) of Torts in granting summary judgment and that it should have applied the Restatement (Third) of Torts, the application of which he argues would have precluded summary judgment.   Although we are unclear which version of the Restatement the district court relied upon, in our analysis of the summary judgment ruling, we will apply the Restatement (Third) of Torts: Liability for Physical & Emotional Harm sections 7 and 51 (Am. Law. Inst. 2010) [hereinafter Restatement (Third)].   *See Thompson v. Kaczinski*, 774 N.W.2d 829, 834–36 (Iowa 2009) (adopting section 7 of the Restatement (Third) as the proper duty analysis in a negligence case); *see also Ludman v. Davenport Assumption High Sch.*, 895 N.W.2d 902, 910 (Iowa 2017) (adopting section 51 of the Restatement (Third)); *Estate of Gottschalk by Gottschalk v. Pomeroy Dev., Inc.*, 893 N.W.2d 579, 586 (Iowa 2017) ("In *Thompson*, we adopted the duty analysis of the Restatement (Third) of Torts."); *Mitchell v. Cedar Rapids Cmty. Sch. Dist.*, 832 N.W.2d 689, 702 (2013) ("[W]e have adopted the duty principles of the Restatement (Third) and will not consider foreseeability, or lack thereof, in making duty determinations."); *Hill v. Damm*, 804 N.W.2d 95, 99 (Iowa Ct. App. 2011) ("In *Thompson v. Kaczinski*, . . . our supreme court adopted the principles of the Restatement (Third) of Torts: Liability for Physical Harm.").

Under the Restatement (Third), in order to prove a defendant was negligent, a plaintiff must show, among other things, "the existence of a duty to conform to a standard of conduct to protect others."   *Thompson*, 774 N.W.2d at 834 (quoting *Stotts v. Eveleth*, 688 N.W.2d 803, 807 (Iowa 2004)); *accord Hill*,

804 N.W.2d at 99; Restatement (Third) § 6 cmt. b. "An actor ordinarily has a duty to exercise reasonable care when the actor's conduct creates a risk of physical harm." Restatement (Third) § 7(a). However, "whether a duty exists is a policy decision based upon all relevant considerations that guide us to conclude a particular person is entitled to be protected from a particular type of harm.'" *Thompson*, 774 N.W.2d at 834 (quoting *J.A.H. ex rel. R.M.H. v. Wadle & Assocs., P.C.*, 589 N.W.2d 256, 258 (Iowa 1999)). Existence of a duty "is a question of law for the court to determine." Restatement (Third) § 6 cmt. b; *accord Gottschalk*, 893 N.W.2d at 586 (quoting *Thompson*, 774 N.W.2d at 834).

"[I]n some categories of cases, reasons of principle or policy dictate that liability should not be imposed." Restatement (Third) § 7 cmt. a. "In these cases, courts use the rubric of duty to apply general categorical rules withholding liability." *Id.* "There are two different legal doctrines for withholding liability: no-duty rules and scope-of-liability doctrines." *Id.* "[W]hen liability depends on factors applicable to categories of actors or patterns of conduct, the appropriate rubric is duty" and "[n]o-duty rules are appropriate . . . when a court can promulgate relatively clear, categorical, bright-line rules of law applicable to a general class of cases." *Id.*; *see, e.g.*, *Feld v. Borkowski*, 790 N.W.2d 72, 77 (Iowa 2010) (noting the "known risks, under the contact-sports exception, support a duty of care less stringent than reasonable care").

"Prior to 1982, Iowa was a contributory negligence state." *Berry v. Liberty Holdings, Inc.*, 803 N.W.2d 106, 111 (Iowa 2011). Under this scheme, if a plaintiff's negligence contributed to his injury, then the plaintiff was ordinarily barred from recovering "against a defendant whose negligence would otherwise

make him liable to the plaintiff for harm sustained by him." *Marean v. Petersen*, 144 N.W.2d 906, 912 (Iowa 1966). In the cases decided when Iowa was a contributory-negligence state, a plaintiff's actual knowledge of a dangerous condition generally barred recovery against a defendant because any duty on the part of the defendant was absolved by the plaintiff's knowledge of the condition. *See, e.g.*, *Schleisman v. Dolezal*, 120 N.W.2d 398, 400 (Iowa 1963) ("If the danger or hazard has been disclosed, even though the invitee is injured while carefully proceeding over it, there is no actionable negligence involved. Clearly the duty of the inviter been discharged in such instances . . . ."); *Crouch v. Pauley*, 116 N.W.2d 486, 488 (Iowa 1962) ("A customer cannot blindly and nonchalantly walk into an obvious hazard in a store and hold the storekeeper liable for negligence" because "[t]here is no liability for . . . dangers that are obvious, or as well known to the person injured as to the owner or occupant" (alteration in original) (citation omitted)); *Atherton v. Hoenig's Grocery*, 86 N.W.2d 252, 255 (Iowa 1957) (noting "there is no liability for injuries from dangers that are obvious, reasonably apparent, or as well known to the persons injured as they are to the owner or occupant" and concluding there is no "legal duty or basis of liability" when the plaintiff's knowledge of a dangerous condition is "unqualified and uncontradicted"); *see also* Restatement (Second) of Torts § 434A(1) (Am. Law Inst. 1965) ("A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them . . . .").

In 1982, our supreme court abandoned contributory negligence as a complete defense to a tort claim and adopted pure comparative negligence. *See*

*Goetzman v. Wichern*, 327 N.W.2d 742, 754 (Iowa 1982), *superseded by statute*, 1984 Iowa Acts ch. 1293 (codified as amended at Iowa Code ch. 668), *as recognized in Slager v. HWA Corp.*, 435 N.W.2d 349, 350 (Iowa 1989). Under this system, contributory negligence does not bar recovery but merely reduces "it in the proportion that the contributory negligence bears to the total negligence that proximately caused the damages." *Id.* In 1984, our legislature adopted a modified system of comparative fault. *See* 1984 Iowa Acts ch. 1293; *Coker v. Abell-Howe Co.*, 491 N.W.2d 143, 147 (Iowa 1992). Under this modified system, "a plaintiff cannot recover damages if he or she is more than fifty percent at fault," *Reilly v. Anderson*, 727 N.W.2d 102, 108 (Iowa 2006), and "any damages allowed [are] diminished in proportion to the amount of fault attributable to the" plaintiff. Iowa Code § 668.3(1).

In the ensuing years, developments in comparative fault and the Restatement (Third) implicitly call into question the principles from *Atherton*, *Crouch*, and *Schleisman*. *See, e.g.*, *Ludman*, 895 N.W.2d 902, 912 ("[T]he known and obvious danger [is] not determinative of the landowner's duty. Rather, a danger that is known and obvious goes to the question of whether the plaintiff was negligent."); *Wieseler v. Sisters Mercy Health Corp.*, 540 N.W.2d 445, 451 (Iowa 1995) ("[T]he fact that the danger was known or obvious to [the plaintiff] is not conclusive in determining the [defendant's] duty or in determining whether the [defendant] acted reasonably in not taking precautions to prevent the type of accident that occurred here."). Furthermore, our supreme court has noted the "Restatement (Third) . . . indicate[s] there is a move to abandon a no-duty rule when plaintiff knows of an open and obvious risk . . . ." *Ludman*, 895

N.W.2d at 913. The court has expressly adopted "the duty analysis for land possessors contained in section 51 of the Restatement (Third) of Torts: Liability for Physical and Emotional Harm." *Id.* at 910. Comment k to section 51 provides, in relevant part:

> Known or obvious dangers pose less of a risk than comparable latent dangers because those exposed can take precautions to protect themselves. Nevertheless, despite the opportunity of entrants to avoid an open and obvious risk, in some circumstances a residual risk will remain. Land possessors have a duty of reasonable care with regard to those residual risks. Thus, the fact that a dangerous condition is open and obvious bears on the assessment of whether reasonable care was employed, but it does not pretermit the land possessor's liability. This treatment of land possessors is consistent with that of other actors who create risks.
>
> An entrant who encounters an obviously dangerous condition and who fails to exercise reasonable self-protective care is contributorily negligent. Because of comparative fault, however, the issue of the defendant's duty and breach must be kept distinct from the question of the plaintiff's negligence. The rule that land possessors owe no duty with regard to open and obvious dangers sits more comfortably—if not entirely congruently—with the older rule of contributory negligence as a bar to recovery.

*Id.* at 913 (quoting Restatement (Third) § 51, cmt. k).

The Restatement (Third), as well as supreme court precedent applying the same, convince us that generally "a danger that is known and obvious goes to the question of whether the plaintiff was negligent" and is no longer determinative of the landowner's duty to the plaintiff. *Id.* at 912. The negligence of each party and proximate cause are questions of fact for a jury. Iowa R. App. P. 6.904(3)(j); *Ruby v. Easton*, 207 N.W.2d 10, 15 (Iowa 1973). We conclude the district court's apparent reasoning for granting summary judgment, that Bass Pro and Cintas had no duty to Eurich due to Eurich's knowledge of the hazardous condition, was based on error at law. We reverse the district court's grant of summary judgment

and remand the case for further proceedings.  Based on this disposition, we find it unnecessary to consider Eurich's secondary argument that the district court improperly failed to rule upon the admission of an exhibit prior to its summary-judgment ruling.

**REVERSED AND REMANDED.**