Leatrice **ROBESON**, Administrator of the Estate of Edward D. Robeson, Deceased, Appellee,

v.

Clifford **DILTS** and Kenneth Earl Brockman, Appellants.

No. 53430.

Supreme Court of Iowa.

Sept. 5, 1969.

**410**

———◆———

Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellants.

McCarville & Bennett, Fort Dodge, for appellee.

LeGRAND, Justice.

This litigation results from a fatal automobile accident which occurred on U. S. Highway 20 approximately ten miles west of Fort Dodge, Iowa. Suit was brought by Leatrice Robeson, Administrator of the Estate of Edward E. Robeson, deceased, who died in the crash, against Clifford Dilts, owner of the semi-trailer truck with which decedent collided, and Kenneth Earl Brockman, driver of the rig. A jury trial resulted in a plaintiff's verdict for $62,500.00. Both defendants appeal. We refer herein to the driver as though he were the only defendant, but our conclusions apply equally to the other defendant.

At the time of the accident the decedent was driving his truck in a westerly direction on highway 20. Defendant was proceeding in an easterly direction on the same highway. There was an extremely hard rain and visibility was poor. Most vehicles, including decedent's, were operating with lights on. Approximately four miles before reaching the scene of the accident defendant had switched off his headlights because his alternator was not working. He then turned his parking lights on. The collision took place in a curve to decedent's right and a corresponding curve to defendant's left. There was a yellow, no-passing line, against traffic bound for Fort Dodge, the direction in which decedent was travelling. There was also a no-passing sign against such traffic posted by the Iowa State Highway Commission.

The collision was practically head-on. The front ends of both vehicles were badly damaged with the brunt in each case on the right side. The collision could not have occurred unless one, or both, vehicles had crossed the center line. The only eye witness to the accident is the defendant Brockman. Decedent was killed outright. While other witnesses testified to events immediately preceding impact, there was no witness who saw the collision.

The main factual dispute concerns the position of each vehicle with reference to the center line of the road and the legal consequences which flow therefrom. Evidence with respect to this matter is detailed later.

Defendant assigns four errors. They are: (1) failure of the court to grant his motion for directed verdict and, later, his motion for judgment notwithstanding the verdict; (2) error in admitting testimony on weather conditions and visibility existing at places other than the site of the accident; (3) error in admitting opinion evidence on the course of travel of the

vehicles immediately after impact; and (4) error in both the form and content of various instructions.

I. We consider first defendant's claim he was entitled to a directed verdict. Defendant moved for such a ruling both at the end of plaintiff's evidence and at the end of all of the testimony. He also asked for this result by way of motion for judgment notwithstanding the verdict, and his motion for new trial incorporates this as one of its principal grounds.

The sole ground of the motion asserted decedent was guilty of contributory negligence as a matter of law because he was violating section 321.304, Code of Iowa, which provides in part:

"No vehicle shall, in overtaking and passing another vehicle or at any time, be driven to the left side of the roadway under the following conditions: 1. When approaching the crest of a grade or curve in the highway where the driver's view along the highway is obstructed for a distance of approximately 700 feet.

"2. * * *

"3. Where official signs are in place directing that traffic keep to the right or a distinctive center line or off-center line is marked, which distinctive line also so directs traffic as declared in the sign manual adopted by the state highway commission."

■ There is no dispute that the accident occurred in a curve and that decedent would be in violation of section 321.304 if he had driven over the center line of the highway without legal excuse. Such a violation would be negligence per se. Florke v. Peterson, 245 Iowa 1031, 1034, 65 N.W.2d 372, 374; Kroblin Refrigerated X Press Inc. v. Ledvina, 256 Iowa 229, 234, 127 N.W.2d 133, 137.

In considering this assignment of error we consider the evidence in its light most favorable to decedent. Rule 344(f), 2, Rules of Civil Procedure. We mention, too, that the question of decedent's contributory negligence is to be determined under the statute which established a new rule by requiring a defendant who relies on contributory negligence as a complete bar to a plaintiff's claim to both plead and prove this affirmative defense. The statute places on the defendant the burden of proving both the plaintiff's negligence and that such negligence was a proximate cause of the accident for which recovery is sought.

Defendant testified decedent's car was on the wrong side of the road for 200 or 300 feet prior to the crash; that he expected it to turn back to its own side of the road; and that when it became apparent the driver was not going to do so he applied his brakes, causing his equipment to jack-knife. Until that time, defendant says he was at all times completely on his own side of the road and the only reason for the accident was the unexplained presence of decedent on the left side of the highway.

Two highway patrolmen testified and the admissibility of some of their evidence is discussed later. For the time being, we merely recite what they said. Both were men of long experience on the highway patrol who had investigated hundreds of accidents. Officer Stinman had 12 years of service on the patrol and had investigated more than 1000 accidents besides assisting in the investigation of several hundred more. Officer Weiland, with more than 10 years on the patrol, had investigated some 400 accidents and had assisted with the investigation of many others.

They placed the point of impact "on the center line." They also verified pictorial evidence showing the principal damage to each vehicle was at the right front. It is mainly from this testimony that defendant argues the decedent is shown to have been in violation of section 321.304 as a matter of law.

■ He argues that if the impact point was the center of the highway, and if the brunt of the impact was at decedent's right front, it necessarily follows part of the left

side of decedent's car was over the center line. We agree this is a plausible argument and one which might very well have been persuasive with the jury, but we do not agree it establishes violation of the statute *as a matter of law*.

We believe it must be conceded that in estimating speed, fixing impact points and placing the position of vehicles, we cannot deal in inches or fractions of seconds. Mathematical certainty and slide-rule precision cannot be expected. Law v. Hemmingsen, 247 Iowa 855, 860, 76 N.W.2d 783, 786. The officers' testimony as to the point of impact was based upon certain physical evidence, including a gouge and other marks in the pavement, the location of debris, the place where the vehicles came to rest, and the damage to the vehicles. This was introduced as *opinion* evidence. The very nature of such evidence eliminates the dogmatic answer, and it is for the jury to evaluate and appraise the opinions given. Schantz v. Schantz, Iowa, 163 N.W.2d 398, 404.

We do not minimize the importance of the testimony which defendant relies on to support his argument on this assignment. We merely say it did not establish decedent's contributory negligence *as a matter of law*.

It is only in exceptional cases that matters of negligence, contributory negligence, or proximate cause are taken from the jury and decided as questions of law. Rule 344(f), 10, Rules of Civil Procedure; Weppler v. Smith, 252 Iowa 679, 685, 108 N.W.2d 247, 251; Mazur v. Grantham, 255 Iowa 1292, 125 N.W.2d 807, 810; Grosjean v. Spencer, 258 Iowa 685, 688, 140 N. W.2d 139, 141; Marean v. Petersen, 259 Iowa 557, 570, 144 N.W.2d 906, 914; Giarratano v. Weitz Co., 259 Iowa 1292, 1310, 147 N.W.2d 824, 835.

■ Defendant argues this is one of those exceptional cases, but we cannot agree. It is within the jury's province to disbelieve defendant's testimony concerning decedent's position on the road prior to the accident; and, as already pointed out, the jury may give the opinion evidence of the two officers the weight they believe it entitled to.

To support plaintiff's theory, there is substantial physical evidence which tends to refute defendant's version. The gouge mark from decedent's truck was on his side of the road. All the debris was on his side. Defendant's tractor and trailer came to rest on that side, too, completely blocking the westbound lane to traffic. Defendant admits his tractor jack-knifed before the collision. We have held several times contributory negligence may be shown, or disproved, by circumstantial evidence or by physical facts. Weppler v. Smith, supra; Mathews v. Beyer, 254 Iowa 52, 58, 116 N. W.2d 477, 481; Marean v. Petersen, 259 Iowa 557, 569, 144 N.W.2d 906, 914. See also Yost v. Miner, Iowa, 163 N.W.2d 557, 560.

We have also held if a litigant's theory finds "rational and reasonable support" in the evidence he is entitled to have it go to the jury. Law v. Hemmingsen, supra, 247 Iowa at page 861, 76 N.W.2d 783.

There is an additional reason for our conclusion. Since the enactment of section 619.17, a defendant who relies on plaintiff's contributory negligence must not only prove such negligence but must prove too it was a proximate cause of the accident. Prior thereto negligence on the part of a plaintiff which contributed in any way to the injury was sufficient. See Harlan v. Passot, 260 Iowa 501, 505, 150 N.W.2d 87, 90.

■ Even assuming, arguendo, that decedent here was guilty of *negligence* as a matter of law, the issue of *proximate cause* would nevertheless have been for jury determination.

The jury could have found decedent to have been over the center line and could still have found this was not a proximate cause because defendant's rig had already jack-knifed across virtually the decedent's entire lane of travel.

We do not say the jury should have made these findings, only that it could have done so.

Even before the enactment of section 619.17, we held not all negligence on the part of a plaintiff was contributory negligence. Clubb v. Osborn, 256 Iowa 1154, 1161, 130 N.W.2d 648, 653; Marean v. Petersen, supra, 259 Iowa at page 567, 144 N.W.2d 906. Under section 619.17, causation has become even more important as an element of contributory negligence.

We hold defendant was not entitled to a directed verdict.

■ II. Defendant argues strenuously there was error in permitting several witnesses to testify concerning weather conditions and visibility some ten miles from the scene of the accident during a period from a few minutes before the accident to a few minutes after it occurred. He says this testimony was too remote, both as to time and place, and should have been excluded. Defendant cites several authorities dealing with speed, racing, and other circumstances. Glass v. Hutchinson Ice Cream Co., 214 Iowa 825, 829, 243 N.W. 352, 354; Neyens v. Gehl, 235 Iowa 115, 125, 15 N.W. 2d 888, 892; Brower v. Quick, 249 Iowa 569, 581, 88 N.W.2d 120, 127. These are factually so dissimilar they are of little help except to establish that ordinarily the admission of evidence in the face of such objections is within the sound discretion of the trial court, whose ruling will be reversed only for abuse thereof. We do not find it necessary to decide this question, however. If there was error, it was harmless under the circumstances of this case.

The evidence to which defendant objects differs in no material way from his own. When called as a witness by plaintiff, defendant testified it was raining "about the same" at the time of the accident as when he had left Rockwell City and that it continued to do so until the patrolmen arrived at the scene. This testimony covers substantially the same period of time as that to which objection was made. We believe the record shows defendant was not prejudiced by evidence which did no more than corroborate his own. The admission of such testimony was not an abuse of the trial court's discretion. Marean v. Petersen, 259 Iowa 557, 563, 144 N.W.2d 906, 910; Linge v. Iowa State Highway Commission, Iowa, 150 N.W.2d 642, 648.

III. Defendant also objects to the admission of Officer Stinman's opinion concerning the course the vehicles took immediately after the impact and before they came to rest. The record shows the scene remained unchanged after the collision until the time the officer made his observations. The objection was limited to the lack of proper foundation. Defendant insisted there was no evidence from which such an opinion could be formed.

■ We are committed to a liberal rule on the admission of opinion evidence. The matter rests largely within the discretion of the court. Dougherty v. Boyken, Iowa, 155 N.W.2d 488, 491, and citations.

Here Stinman's opinion was based entirely on his personal examination made while the scene remained unchanged after the collision. He detailed his observations, including location of debris, gouge mark in the highway, direction and length of indentation in the road running from the gouge mark directly to decedent's car, location of the vehicles when they came to rest, distance of the vehicles from the purported point of impact, and damage to the vehicles.

■ Under our rulings this clearly was sufficient to allow one with Officer Stinman's experience to give his opinion as to the course of the vehicles after the collision. The weight of that opinion was, of course, for the jury. Dougherty v. Boyken, supra; Brower v. Quick, 249 Iowa 569, 576, 88 N.W.2d 120, 124.

What we said in Schmitt v. Jenkins Truck Line, Iowa, 170 N.W.2d 632, filed September 5, 1969, is applicable here and sustains the trial court's ruling on the

admissibility of Officer Stinman's testimony.

■ IV. The remaining assignments deal with instructions. We start with the proposition so often announced that instructions must be considered in their entirety and not piecemeal. Ness v. H. M. Iltis Lumber Co., 256 Iowa 588, 592, 128 N.W.2d 237, 239; Shank v. Wilhite, 256 Iowa 982, 985, 129 N.W.2d 662, 664; Bauman v. City of Waverly, Iowa, 164 N.W.2d 840, 845.

■ Another well established principle in considering instructions is that they should thoroughly and fully present the issues to the jury so that body will have a proper understanding of the law to be applied in reaching a verdict. Law v. Hemmingsen, 249 Iowa 820, 826, 89 N.W.2d 386, 391; Pinckney v. Watkinson, 254 Iowa 144, 146, 116 N.W.2d 258, 259; Hartford Fire Insurance Company v. Lefler, 257 Iowa 796, 803, 135 N.W.2d 88, 92; Gibbs v. Wilmeth, Iowa, 157 N.W.2d 93, 97.

■ Defendant first objected to Instruction 2 in which the trial court set out the specifications of negligence of each party against the other. One of the particulars in which plaintiff alleges defendant to have been negligent is the following:

"d. In operating his vehicle without proper and adequate lights in a heavy rain and under the weather conditions then existing."

The parties and the trial court treated this as charging a violation of section 321.384, Code of Iowa, although the language used did not come within the specific terms of that section. Defendant requested the court to restate specification "d." to make it conform to the statutory language.

The trial court refused to give this instruction but under Instruction 25 the court instructed the jury on the necessity of headlights, and this instruction contains substantially the matter requested by defendant.

If anything the instruction was more favorable to defendant than he was entitled to and we find no reversible error here.

■ V. Defendant insists Instruction 11 on circumstantial evidence should not have been given at all. He says there was no circumstantial evidence in the case and it was confusing, misleading and improper to explain circumstantial evidence to the jury when there was no such evidence to be considered under the record.

We cannot agree that no circumstantial evidence was introduced. We believe much of plaintiff's case as far as establishing point of impact and position of the vehicles prior to impact depends upon such evidence. No objection was made to the form of the instruction.

In Jennings v. Farmers Mutual Insurance Association, 260 Iowa 279, 284, 149 N.W.2d 298, 301, we said, "The basic distinction between direct and circumstantial evidence is that in direct evidence the witnesses testify of their own knowledge as to the ultimate facts to be proved, while circumstantial evidence relates to instances where proof is given of facts and circumstances from which the finder of fact may infer other connected facts which reasonably follow, according to the common experience of mankind."

We believe all of the physical evidence here met this definition as being proof of facts and circumstances from which the jury was asked to infer the ultimate facts as plaintiff claimed them to be. See also Black's Law Dictionary, Third Ed.; 29 Am.Jur.2d, Evidence, sections 264–265, page 312.

It was not error to give this instruction.

■ VI. Defendant also finds fault with Instruction 18, which instructed the jury on the affirmative defense of contributory negligence. Defendant had alleged specific acts of negligence on the part of

plaintiff which he claimed were a proximate cause of the accident and which would bar recovery by plaintiff under section 619.17, Code of Iowa.

Instruction 18 failed to catalogue these various specifications of negligence, telling the jury:

"I have heretofore defined negligence and proximate cause for you. Contributory negligence is negligence on the part of a person claiming damages, which was a proximate cause of such damage. A person cannot recover damages which were approximately caused by his own negligence. If the defendants have proved by a preponderance of the evidence that plaintiff's decedent was negligent and that such negligence was a proximate cause of the damages, then plaintiff's administrator cannot recover. * * *"

It might well have been better for the trial court to be set out here the specifications of negligence upon which defendant relied. However they had been previously presented to the jury under Instruction 2 and we find no basis for concluding that the jury was misled or confused by failure to repeat the specifications in Instruction 18. While we cannot approve the form in which Instruction 18 was submitted, neither can we find that it constituted reversible error.

██ VII. Defendant next objects to Instructions 21, 26 and 27 on the ground these instuctions failed to point out to the jury the particular driver to whom they apply. Instruction 21 deals with sudden emergency and Instructions 26 and 27 deal with the alleged violation of section 321.304.

Instructions 26 and 27 each contain an identical concluding paragraph as follows:

"As applied to the facts in these cases, a violation of this provision of the statute by any operator of a motor vehicle herein constitutes negligence."

Instruction 21 contains a provision to the same effect, referring to "any party" who was confronted with a sudden emergency.

Defendant insists that this does not properly advise the jury of the real issues raised by these various matters because the instruction failed to adapt the correct statement of law to the particular facts and circumstances of the case.

In McCoy v. Miller, 257 Iowa 1151, 1154, 136 N.W.2d 332, 333, we said, "It is well settled that instructions should be adapted to the record and that merely quoting the statute without relating it to the issues is insufficient." To the same effect see Jakeway v. Allen, 226 Iowa 13, 17, 282 N.W. 374.

However, in the McCoy case we found there was no reversible error because the specifications of negligence of each party had been specifically and separately stated elsewhere. The method used there and the one used here is perhaps cumbersome and inconvenient because it requires the jury to repeatedly refer back to previous instructions in order to understand a later one.

Here the jury was told in Instruction 2 the particular negligence which each party claimed the other had been guilty of. The instructions under attack defined certain acts as constituting negligence, or as being a sudden emergency. These instructions could only apply to the person against whom the charge had been in the first place.

We do not find the instructions were so confusing, misleading or indefinite as to constitute reversible error.

VIII. Defendant's last objection to instructions is directed against Instruction 33 on damages.

This is an action for wrongful death and the measure of recovery is governed by section 613.15, Code of Iowa, 1966.

Evidence was introduced on the following elements of damage which were then submitted to the jury:

1. The present value of the estate which decedent would reasonably be expected to

have accumulated if he had been permitted to live out his natural life;

2. Interest on the reasonable funeral expenses of decedent for the length of time such expense was prematurely incurred; and

3. The present worth of the value of the services and support which decedent would have contributed to his children.

Plaintiff's petition asked $50,000.00 for items 1 and 2 and $100,000.00 for item 3. The jury verdict was for $62,500.00.

Instruction 33 told the jury they could not allow plaintiff more than the aggregate sum of $150,000.00, "being the amount claimed by her in her petition."

Defendant says this was error because the evidence would not sustain such a verdict. He requested a provision in the instruction that "plaintiff cannot recover for any sum in excess of that established by the evidence and in no event to exceed the sum of $41,436.20, which is the proof before this jury." Defendant also claimed there was no evidence to support any award to the estate of decedent by reason of his untimely death and this item should have been withdrawn from the jury.

Defendant's insistence that the amount of recovery for loss of services and support to decedent's children should be limited to $41,436.20 is based upon the testimony of Gene Gutknecht, a certified public accountant, who testified that this was the amount necessary to produce a monthly income of $296.50 for 17 years. This was decedent's salary at the time of his death. The plaintiff had first offered the calculations of this witness to produce such a sum for 36.5 years, the decedent's life expectancy. This evidence, however, was refused. While the record is not clear, the 17-year figure apparently is based on the fact that decedent's youngest child would reach his majority at that time. No appeal was taken from the refusal of evidence concerning the longer period and that matter is not before us. See discussion of this point in

Schmitt v. Jenkins Truck Lines, Inc., Iowa, —— N.W.2d ——, filed September 5, 1969.

 In any event we do not understand section 613.15 to limit recovery for loss of services and support to the exact amount which the deceased parent would have earned. Certainly decedent's importance to his minor children far exceeded his monthly paycheck. We think the trial court was correct in refusing to place any such limitation on the amount the jury could return for this item of damage.

We need not discuss this question further because it is exhaustively covered in Schmitt v. Jenkins Truck Lines, Inc. referred to supra.

We hold the issue of damages was properly submitted to the jury under Instruction 33.

For the reasons heretofore stated, the judgment of the trial court is affirmed.

Affirmed.

All Justices concur.