**Mary D. DOSER, Appellee-Cross Appellant,**

v.

**INTERSTATE POWER COMPANY, a corpo-ration, Appellant-Cross Appellee.**

No. 53671.

Supreme Court of Iowa.

Jan. 13, 1970.

O'Connor, Thomas, Wright, Hammer & Bertsch, Dubuque, for appellant-cross appellee.

Reynolds, Kenline, Roedell, Breitbach & McCarthy, Dubuque, for appellee-cross appellant.

BECKER, Justice.

This is a personal injury action growing out of a collision between an automobile and a bus which was operated by Interstate Power Company as a common carrier. The case was tried to a jury which returned a verdict for plaintiff. Defendant's motion for judgment notwithstanding the verdict was overruled but its motion for a new trial was granted. Both sides appeal. We affirm on both appeals.

Defendant Interstate's appeal urges two grounds. First, it contends a judgment n. o. v. should have been granted because the evidence showed as a matter of law that the sole proximate cause of the collision was the negligence of Domitilla Cerjan, operator of the other vehicle, and the negligence of Interstate, if any, was not proximate. Second, it contends the motion for a new trial should have been granted because the court failed to instruct on defendant's defense of sole proximate cause despite defendant's request for such an instruction.

Plaintiff cross-appeals claiming the court should not have granted a new trial but should have entered judgment based on the verdict.

I. In reviewing the trial court's ruling on motion for judgment notwithstanding the verdict, we consider the evidence in the light most favorable to plaintiff. Jackson v. Brown (Iowa), 164 N.W.2d 824.

Defendant operates the public bus system in Dubuque, Iowa. Shortly prior to 4:30 P.M., January 23, 1967, plaintiff boarded one of defendant's buses, paid her fare and took her seat. As the bus proceeded east on Clarke Drive it approached Grandview Avenue, an intersecting street. The speed of the bus as it approached the intersection was variously estimated from 25 to 30 miles per hour (plaintiff's witnesses), to 15 to 20 miles per hour (defendant's bus driver). Plaintiff's witnesses testified the bus did not slow down at any time prior to application of the brakes immediately before impact.

As the bus approached the intersection, the Cerjan vehicle approached the intersection from the opposite direction. The driver and at least three passengers saw the approaching car at about the same time. All witnesses agree the Cerjan car turned directly in front of the bus. The driver applied his brakes and laid down six feet of skid marks, apparently about half of those marks occurred after impact.

Immediately prior to the collision, Mr. Voss, a passenger, saw the accident developing and had time to brace himself. A young boy jumped out of his seat before the brakes were applied but "couldn't hold on" when the brakes were applied. Plaintiff said she saw the car turning in front of the bus and attempted to grab something but it was too late. She was thrown out of her seat and injured. The accident developed very quickly, two or three seconds at most. The left front of the bus collided with the right front of the Cerjan vehicle.

Mr. Voss testified as to the type of intersection involved: " * * * As the bus approached the intersection of North Grandview and Clarke Drive, there were cars going both ways. It was quite busy at that time. Yes, there also were pedestrians in the area, people from Senior High School

waiting for the bus, and I think it was around 3:30 p. m. In regard to lighting conditions, it was light, it wasn't dark. They didn't need headlights or anything like that. The surface of the road was dry." The bus driver testified he was familiar with the intersection. The exhibits show the intersection is in the close vicinity of Senior High School and has a posted 25 mile speed limit.

■ II. The court submitted failure to keep a proper lookout, failure to have the bus under control and excessive speed as issues of negligence. Defendant argues the accident was solely due to the Cerjan car improperly turning left in front of the bus. The collision would have occurred regardless of the speed of the bus. It cites cases where this court has found excessive speed had no causal connection with the accident. Mowrey v. Schulz, 230 Iowa 102, 296 N.W. 822 (1941); Pettijohn v. Weede, 209 Iowa 902, 227 N.W. 824 (1929).

We find Barnard v. Cedar Rapids City Cab Co., 257 Iowa 734, 133 N.W.2d 884, and Rozmajzl v. Northland Greyhound Lines, 242 Iowa 1135, 1139, 49 N.W.2d 501, to be more closely in point both from the standpoint of the facts and the principles involved. In Rozmajzl v. Northland Greyhound Lines at pages 1139–1140 of 242 Iowa, at page 504 of 49 N.W.2d, we said: "A carrier of passengers for hire must exercise more than ordinary diligence for their protection. Its duty stops just short of insuring their safety. It is bound to protect its passengers as far as human care and foresight will go and is liable for slight negligence. (cases cited). See also 13 C.J.S. Carriers section 678a; 10 Am.Jur., Carriers, section 1246; Annotation 69 A.L.R. 980. ' * * * the high degree of care must be exercised in *foreseeing*, as well as in *guarding against*, danger.' Murray case, supra.

"Plaintiff made a prima facie case by showing she was injured while a passenger on the bus by a collision between the bus and the automobile. This cast upon defend-

ants the burden to show their freedom from negligence in causing the collision. Plaintiff was not bound to prove any particular act of negligence by defendants. (cases cited).

"The authorities make it plain it is usually a question for the jury whether such a prima facie case has been met. We do not think defendants succeeded in rebutting the prima facie case here so conclusively that they were entitled to a directed verdict."

In Wilson v. Jefferson Transportation Company, Iowa, 163 N.W.2d 367, 371, we cited Paulsen v. Haker, 250 Iowa 532, 95 N.W.2d 47, 51–52: " 'The true rule is that the statutory right of way is not a guarantee of safety, but that the driver on the protected road must use reasonable care under the existing circumstances for his own safety and that of others. Likewise, in connection with the duty to keep a proper lookout, we think it is his duty to make reasonable observation of all surrounding circumstances, including intersections and other traffic which may be in fair view on intersecting roads, and to use such care as an ordinarily prudent man would do in the light of everything disclosed by such observations.' "

■ The question of proximate cause is usually to be decided by the jury. Rules of Civil Procedure, No. 344(f) (10). We have recently reviewed the controlling principles in relation to causation in Adams v. Deur, (Iowa) 173 N.W.2d 100, (opinion filed December 9, 1969) and Federated Mutual Hardware Ins. Co. v. Dunkelberger, (Iowa) 172 N.W.2d 137, (opinion filed November 12, 1969). We need not repeat those principles here.

Given the high degree of care demanded of common carriers and the factual situation presented, we hold the court was correct in submitting the various specifications of negligence to the jury.

III. Defendant's second point is properly raised because it becomes important in event of a retrial. The trial court instructed

the jury on the definition of proximate cause, the fact a proximate cause need not be the sole and only cause of damage or injury, and the concept that where the negligence of two or more persons concur to cause injury the negligence of each is a proximate cause. Defendant's requested Instruction No. 1 stated that in the event the jury found the negligence of Domitilla Cerjan was the sole proximate cause of the injuries and damages then the jury's verdict must be for defendant. The court refused instruction and did not instruct on sole proximate cause.

 The theories of both parties to a lawsuit, as far as they are supported by the pleadings and substantial evidence, must be submitted and it is prejudicial error to fail to do so. Kuehn v. Jenkins, 251 Iowa 718, 730, 100 N.W.2d 610. The issue of sole proximate cause need not be specially pled as a defense to be available to defendant on final submission. Greiner v. Hicks, 231 Iowa 141, 300 N.W. 727. The court's attention was called to the need for such an instruction. It was not necessary to instruct in the exact phraseology employed by the requested instruction but an instruction on sole proximate cause should have been given in light of all the evidence in the case. The question is not whether the requested instruction was technically perfect but whether the attention of the court has fairly been called to the problem. Schall v. Lorenzen, Iowa, 166 N.W.2d 795, 798.

We are not convinced this omission is cured by other instructions. Plaintiff points to Instruction No. 7 as giving the substance of defendant's request. We disagree. Instruction No. 7 tells the jury what plaintiff must prove in order to recover. It says nothing about the various problems raised by the terms, a proximate cause, concurrent causes and sole proximate cause. These concepts are explained, except as to the latter, in other instructions. On resubmission defendant is entitled to have an instruction on sole proximate cause; just as plain-

tiff was here entitled to an instruction on concurrent proximate causes. How the instruction is handled is, of course, within the sound discretion of the court.

IV. Plaintiff contends the trial court erred in granting a new trial. In its ruling the court observed:

"The Instruction No. 11,[1] for some reason which the Court cannot understand, fails to advise the jury that the operator of the vehicle is entitled to assume that all others using the highway will obey the law. Failure to include this portion of the law in the instruction or anywhere else in the instructions, is, of course, clearly error even though defendant was a public service vehicle. The fact that defendant was claiming that the cause of the accident was an unanticipated move by a third party and that third party's failure to signal for a left turn, appears to make the error prejudicial. Defendant did not properly except to the instruction on this ground or properly preserve his objection and the Supreme Court, it would appear from their previous decisions, would be powerless to consider this claim of error on appeal but it can and should be considered on motion for a new trial. It would appear to the Court that where the Court has erred and the error is clearly prejudicial that it would be an abuse of discretion not to grant a new trial."

 The ruling requires very little elaboration here. The trial court has broad discretion in passing on a motion for a new trial. Schall v. Lorenzen, supra. We are slower to interfere with the grant of a new trial than with its denial. Rule 344(f) (4), R.C.P.

 Here the concept the operator of the vehicle has the right to presume, within certain limits, that others will obey the law was a particularly important matter. The court's conclusion the inadvertent error was prejudicial was well within its discretion. The fact defendant did not object to failure to include the omitted concept in the in-

1. Instruction 11 deals with control and ability to stop in the assured clear distance ahead.

structions does not prevent this court from considering whether the grant of a new trial was an abuse of discretion. Erickson v. Thompson, 257 Iowa 781, 791, 135 N.W.2d 107.

In view of the disposition of this case, costs on appeal shall be borne equally by the parties, except for costs of printing briefs and arguments. As to those documents each party shall bear his own printing costs.

Affirmed.

All Justices concur.