**John KAUS, Appellant,**

v.

**Orville E. SCOTT and Julia A. Scott, Appellees.**

**No. 53837.**

Supreme Court of Iowa.

Feb. 10, 1970.

James, Greer, Nelson & Bertell, Spencer, for appellant.

Fitzgibbons Brothers, Estherville, for appellees.

LeGRAND, Justice.

This litigation arose out of an intersection accident in Spencer, Iowa, on August 5, 1966. Plaintiff's car was being driven by his daughter, Mary Kaus, while defendant, Julia A. Scott, was driving an automobile owned by her husband, defendant Orville E. Scott.

Although Orville E. Scott recovered on his counterclaim for property damage, no appeal was taken from that judgment and we are concerned here only with the judgment in favor of Julia A. Scott for personal injuries suffered by her. We refer to her herein as though she were the sole defendant.

This appeal presents only one issue: Was defendant guilty of contributory negligence which was a proximate cause of this accident as a matter of law? Plaintiff unsuccessfully raised this issue by motion for directed verdict and by motion for judgment notwithstanding verdict. He now asks us to reverse these rulings; instead we affirm the trial court.

■ In considering the issue raised we are obliged to give the evidence that interpretation which is most favorable to defendant, who is actually the plaintiff as far as the counterclaim is concerned. Rule 344(f) (2), Rules of Civil Procedure; Bauman v. City of Waverly, Iowa, 164 N.W. 2d 840, 844.

This case is governed by section 619.17, Code, 1966, which places the burden of pleading and proving defendant's contributory negligence upon plaintiff. Enacted in 1965 by the Sixty-first General Assembly, that section not only changed the burden of proof but also the quantum thereof. Formerly it was enough to bar recovery if a claimant's negligence had contributed in any manner or in any degree to his injury. Now such negligence must be a proximate cause. See Bauman v. City of Waverly, supra, 164 N.W.2d at page 844.

The record here shows plaintiff's vehicle was proceeding in a southerly direction while defendant was driving westerly. Plaintiff was entitled to the directional right-of-way. The directional right-of-way is not an absolute right.

As explained in Jacobson v. Aldrich, 246 Iowa 1160, 1164, 68 N.W.2d 733, 735, and Glandon v. Fiala, Iowa, 156 N.W.2d 327, 332, one having the directional right-of-way must nevertheless exercise due care at all times. We do not understand plaintiff to challenge this rule nor to claim that the jury was not justified in finding his driver negligent. The appeal is limited to the contention that defendant's contributory negligence bars her recovery. Defendant testified she looked in both directions before entering the intersection. She did not see plaintiff's vehicle. Her vision was unobstructed, and no good cause is shown why she did not see plaintiff's approaching car, which must have been there at that time. Defendant entered the intersection and was struck at the right rear of her car when she was approximately three-quarters of the way through the intersection.

Plaintiff argues he has proven as a matter of law that defendant's own negligence was a proximate cause of her injuries; that she is therefore barred from recovery; and that he was entitled to a directed verdict. In support of his argument he cites Jacobson v. Aldrich, 246 Iowa 1160, 1169, 1170, 68 N.W.2d 733, 739; Peter-

schmidt v. Menke, 249 Iowa 859, 863, 89 N.W.2d 152, 154; and Beezley v. Kleinholtz, 251 Iowa 133, 138, 100 N.W.2d 105, 109.

Plaintiff concedes these cases were decided prior to the adoption of section 619.17. They all consider situations in which a plaintiff was obliged to establish his freedom from contributory negligence and to show that it did not contribute "in any way or in any degree" to his injuries. Even under that rule we held contributory negligence was ordinarily for jury determination, and only in the "exceptional" case was it to be determined by the court as a matter of law. This became so well established it was incorporated into rule 344, Rules of Civil Procedure, as one of the propositions for which no authority need be cited. See rule 344(f) (10), R.C.P. While this rule is helpful to defendant here, there is another principle which is even more persuasive since the adoption of section 619.17. It provides that a litigant is not ordinarily entitled to a directed verdict on an issue which he is required to prove. Berge v. Harris, Iowa, 170 N.W.2d 621, 623, and citations; Grall v. Meyer, 173 N.W.2d 61, filed December 10, 1969.

Under our present contributory negligence statute therefore plaintiff, to succeed here, must prove as a matter of law both that defendant was guilty of negligence and that such negligence was a proximate cause of her injuries. We recently held it is one thing to determine the existence of negligence as a matter of law but quite another to hold that such negligence was a proximate cause as a matter of law. Robeson v. Dilts, Iowa, 170 N.W.2d 408, 412.

Assuming, arguendo, that defendant was guilty of negligence as a matter of law in entering the intersection as she did, we cannot say under this record that such negligence was as a matter of law a proximate cause of the accident. Robeson v. Dilts, supra; Doser v. Interstate Power Company, 173 N.W.2d 556, filed January 12, 1970, and citations.

Under rule 344(f) (2), (10), R.C.P., and under our numerous decisions holding contributory negligence and proximate cause to be matters for jury determination except in exceptional cases, we believe it was proper for the trial court to overrule plaintiff's motions for directed verdict and for judgment notwithstanding the verdict.

Affirmed.

All Justices concur.