William S. McCAULL III, Appellant,

v.

UNIVERSAL MANUFACTURING COMPA-
NY and Leon Crowell, Appellees.

No. 56552.

Supreme Court of Iowa.

May 22, 1974.

Elgin & Hoyman, Indianola, and R. D. Morr, Chariton, for appellant.

Dull, Keith & Beaver, Ottumwa, and T. C. Poston, Corydon, for appellees.

Submitted to MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and McCORMICK, JJ.

LeGRAND, Justice.

Following a collision between plaintiff's tractor and cornplanter and a truck owned

by defendant Universal Manufacturing Company and driven by defendant Leon Crowell, plaintiff sued for damages to his equipment and for personal injuries sustained by him. Defendant Universal Manufacturing Company in turn counterclaimed for its property damage.

At the conclusion of all the evidence, the trial court directed a verdict in favor of defendants on plaintiff's claim and in favor of plaintiff on the counterclaim. Universal Manufacturing Company does not appeal, and this matter is here only on plaintiff's appeal from the directed verdict against him. We reverse the judgment and remand the case for retrial on plaintiff's claim.

The accident occurred while plaintiff was moving his cornplanter by means of a tractor from one farm location to another. To do so, he had to traverse approximately 18 miles of public highway, seven miles of which were along Highway 2, where this accident occurred. The overall width of his equipment was 15½ feet.

The plaintiff proceeded along the public highway by using as much of the right shoulder as he could safely do, thus reducing the extent to which his cornplanter obstructed the free passage of other vehicles. At various places along the highway there were flumes for drainage purposes. Each time plaintiff came to one of these spillways, it was necessary for him to change the course of his vehicle by pulling to the left so that the right wheels of his cornplanter would not drop down into the rather deep depression that formed part of the construction of these drains. He had safely passed two of the flumes, and the accident occurred as he pulled his equipment to the left in order to negotiate the third. At this time, defendant driver was overtaking plaintiff from the rear. He was in the act of passing the cornplanter when plaintiff pulled to his left. This maneuver deprived defendant of passing room and the collision resulted.

At the conclusion of all the evidence, defendants renewed the motion for directed verdict which they had first made at the close of plaintiff's case and upon which ruling had then been reserved. In granting the motion the trial court made a detailed statement as to his reasons for doing so.

Plaintiff testified he did not see defendant at any time before the collision. He said he looked to his rear each time before he started to pull out to pass one of the flumes and at no time did he observe any approaching vehicle. He had unobstructed vision to the rear for one-quarter to one-half a mile, but nevertheless did not see defendant's approaching truck when he made his lookout to the rear. The trial court found plaintiff guilty of negligence as a matter of law for having failed to see what must have been then in plain sight. The trial court then went on to hold this negligence was a proximate cause of the accident as a matter of law.

The parties agree on the principles which must decide this case. In ruling on a motion for directed verdict, the evidence is viewed in the light most favorable to the person against whom the motion is made. Rule 344(f)(2), Rules of Civil Procedure; Kaus v. Scott, 174 N.W. 2d 446, 448 (Iowa 1970); Doser v. Interstate Power Company, 173 N.W.2d 556, 558 (Iowa 1970); Robeson v. Dilts, 170 N.W.2d 408, 412 (Iowa 1969). Ordinarily, questions of negligence and proximate cause are for jury determination. It is only in the exceptional case that they may be decided as a matter of law. Rule 344(f)(10), R.C.P.; Andrews v. Struble, 178 N.W.2d 391, 398 (Iowa 1970); Federated Mutual Implement and Hardware Insurance Company v. Dunkelberger, 172 N. W.2d 137, 144 (Iowa 1969). Only rarely may a verdict be directed in favor of one who has the burden of proof. Anderson v. Lyon County, 206 N.W.2d 719, 723 (Iowa 1973); Ackerman v. James, 200 N.W.2d 818, 824 (Iowa 1972). Of course, under §

619.17, The Code, defendants here had the burden of proving plaintiff was negligent and that such negligence was a proximate cause of the accident. Greenwell v. Meredith Corporation, 189 N.W.2d 901, 907 (Iowa 1971); Bauman v. City of Waverly, 164 N.W.2d 840, 845 (Iowa 1969).

■ Precedents are of small help in applying these principles because the result in each case depends almost entirely upon its own peculiar circumstances. Our task now is to test the facts shown by the record before us to ascertain if a jury question was generated. Before doing so, we refer to one other principle—we need only consider the evidence favorable to plaintiff whether or not it was contradicted by other testimony. Andrews v. Struble, supra, 178 N.W.2d at page 397.

■ For purposes of our discussion we assume the trial court properly found plaintiff's negligence had been established as a matter of law. However, we hold the same cannot be said for the question of proximate cause. As we have pointed out several times, a finding that one is guilty of negligence as a matter of law does not dictate that such negligence was the proximate cause of the events which followed. Kaus v. Scott, supra, 174 N.W.2d at 448; Robeson v. Dilts, supra, 170 N.W.2d at 412.

■ The answer to our problem, we believe, is found in the testimony of defendant driver. Even when facts are not in dispute or contradicted, a jury question is presented if reasonable minds might draw different inferences from them. Rule 344(f)(17), R.C.P.

Defendant driver testified he was following plaintiff and was aware of the overall width of his equipment; he knew of the presence of the various flumes and could see the third flume with its identifying white post before he started to pass plaintiff's equipment; among other things, he said:

"I started my pass after I crossed the second spillway and the collision happened before I got to the third. I could see spillway number three at spillway number two. I thought Mr. McCaull would be courteous enough to slow down and let traffic through."

He also testified to this effect:

"When I decided to make the pass, I knew there was room enough if he would give me any chance at all. I knew I was going to have to be operating my truck at least one-half on the shoulder. Most farmers who have extra wide equipment stop to let other traffic through * * * I was figuring on him stopping so I could go through * * * I was watching Mr. McCaull to see what he was going to do."

■ We believe the jury could find from this evidence that defendant driver attempted to pass plaintiff at a time when he knew there was insufficient room to do so and upon the expectation that plaintiff would stop before reaching the third flume in order to allow defendant to pass. Under these circumstances, we are unwilling to say defendants were entitled to a finding *as a matter of law* that plaintiff's negligence was a proximate cause of the accident. We agree there was ample evidence to permit such a finding; but there was not enough to compel it. For that reason, we hold the trial court erred in taking the case from the jury.

The judgment is accordingly set aside and the case is remanded for new trial on plaintiff's claim. Since the evidence on re-trial will undoubtedly differ in some degree from that now before us, all issues, including questions of negligence and proximate cause, shall be determined anew on the record then made. Since defendant Universal Manufacturing Company did not appeal, the adverse judgment on its counterclaim is final.

Reversed and remanded.