ALICE ZERAHN HOFFMAN, administratrix of estate of James Herman Zerahn, deceased, appellant, v. MONROE WELDING SUPPLY COMPANY et al., appellees.

No. 50530.

592

FEBRUARY 6, 1962.

Verne Lawyer, of Des Moines, and Peter J. Peters, of Council Bluffs, for appellant.

Phillip J. Willson, of Council Bluffs, for appellees.

LARSON, J.—As a result of a rear-end collision which occurred about 5:50 p.m. on December 19, 1957, between a 1949

Ford two-door automobile, in which plaintiff's decedent was a passenger, and a disabled single-axle truck on a straight stretch of Highway 75 north of Loveland, Iowa, James Herman Zerahn, plaintiff's decedent, was instantly killed. The automobile driver, Duane R. Heichel, suffered severe injuries and testified he was unable to recall the collision or the events which occurred during the last five miles of the trip. The defendant driver of the stalled truck had attempted to flag down the Heichel automobile but, as he faced the oncoming headlights, said he could not see the occupants therein. Arthur W. Savery, driving an automobile in the opposite direction, just passed the Heichel car prior to the collision and observed its operation but did not see plaintiff's decedent. Two other cars were following the Heichel car by "a couple of car lengths" and collided with the wreckage. Although the occupants of those cars did not testify, it appears there was no other person thereabouts who saw the accident. At the conclusion of the testimony plaintiff requested the following instruction:

"Further in regard to the question of contributory negligence, you are instructed that under the law of this state where a human being is killed by accident and there is no eyewitness and no obtainable direct evidence of the conduct or actions of the decedent immediately prior to and at the time of the accident, the law indulges the inference that the instinct of self-preservation or the love of life was such as to prompt him to exercise ordinary care for his safety. This inference is not conclusive but is a matter to be considered by the jury in connection with all the evidence in the case, and this inference is not to be indulged in where there is direct evidence obtainable as to the person's conduct at and shortly prior to the time of the accident, and in any event is only to be considered in connection with the facts and circumstances as shown in evidence.

"So in this case, if you find that there is an absence of any obtainable direct evidence as to what James Herman Zerahn did or failed to do by way of preparation [precaution] at and immediately prior to the accident in question, and no eyewitness as to the manner in which the said James Herman Zerahn was

conducting himself just prior to the time it is claimed he was killed, then you have a right to infer that he was exercising that caution which a person of ordinary care and prudence would exercise under like circumstances, unless the facts and circumstances shown in evidence on the trial of this case negative such inference, in which case such inference would not exist and you should give no consideration thereto."

It was refused.

The court then submitted the final draft of its Instructions to counsel, which did not include any instruction on the so-called no-eyewitness rule as applied to plaintiff's decedent. Plaintiff objected in these words:

"Comes now the plaintiff and objects and excepts to the failure of the Court to include in the Instructions of the Court the Instruction on the no-eyewitness rule as it applied to the plaintiff's decedent, James Herman Zerahn, and objects and excepts to the failure of the Court in that regard in failing to give plaintiff's Requested Instruction #1, filed on behalf of the plaintiff's decedent, * * *."

The court overruled plaintiff's objections and exceptions and submitted the cause to the jury.

After jury verdict for defendants, plaintiff filed a motion for a new trial, setting out among other things: "3. That the Court erred in failing to instruct the jury as to the 'no-eye-witness rule' presumption as regards the conduct of James Herman Zerahn immediately prior to and at the time of the accident." The court denied the motion and plaintiff appeals. We think that was error and a new trial should be granted.

I. As the name implies, the no-eyewitness rule may not be invoked if there is an eyewitness to the care exercised by the plaintiff's decedent. Where there is direct evidence as to his conduct just prior to and at the time of the accident, there is no room for an inference that he took reasonable precautions for his own safety. It may then be judged from what he in fact did, rather than from an inference as to what he might have done. Vandello v. Allied Gas and Chemical Co., 252 Iowa 1313, 110 N.W.2d 232; Lingle v. Minneapolis & St. L. Ry. Co., 251 Iowa 1183, 1187, 1188, 104 N.W.2d 467, and cita-

tions; Volume 43, Iowa L. Rev. 57, 58, and citations; Volume 6, May 1957, No. 2, Drake L. Rev. 101. To receive the benefit of this rule it was incumbent upon the plaintiff to satisfactorily establish that an eyewitness to the conduct of his decedent was not obtainable. Merchants Transfer & Storage Co. v. Chicago, R. I. & P. Ry. Co., 170 Iowa 378, 393, 150 N.W. 720, 725. Defendants contend plaintiff must conclusively establish that there is no obtainable direct evidence before the court will be held in error for submitting to the jury the determination of whether an eyewitness was available. Low v. Ford Hopkins Co., 231 Iowa 251, 253, 1 N.W.2d 95. Such is not the law in Iowa, as was specifically pointed out in Lingle v. Minneapolis & St. L. Ry. Co., supra. In the Low case we held that it was plaintiff's burden to prove decedent's freedom from contributory negligence, and said: "He was not entitled to the benefit of the no-eyewitness rule unless it appeared there was no obtainable direct evidence of decedent's conduct at, and immediately prior to, the time of her fall. It is not sufficient that no one testified upon the trial to having seen Mrs. Low fall." There it appeared a number of clerks and customers were in the store at the time, but plaintiff's only evidence of no available witnesses was testimony by an assistant store manager that he made inquiry of the clerks and found none who had seen her fall. As pointed out in the Lingle case, that showing did not justify plaintiff's claim it was shown *beyond dispute* there was no obtainable direct evidence of decedent's conduct and that the jury should have been so instructed. The Low case does not hold plaintiff had the burden to show conclusively there was no such evidence.

Here there is no dispute as to the existing conditions or as to the parties present at the scene of the accident. It was dark and all car lights were on. The driver, Duane R. Heichel, was the only other person in the automobile involved and he testified he had no recollection of what transpired just before the accident. All persons at the scene were called as witnesses, except the parties in the cars behind the Heichel car, and they testified it was not possible to see the people in the Heichel car. The parties in the cars following may have been able to shed

some light on the actions of the driver Heichel by the operation of the vehicle, but it is quite clear they were in no position to see what plaintiff's decedent did or did not do just prior to the collision. We are, therefore, satisfied the jury could properly find plaintiff sustained his burden and satisfactorily showed the absence of any eyewitness to decedent's conduct immediately prior to his death.

■■ II. The rule is well settled in this state that in the absence of eyewitnesses or of any obtainable evidence as to what the deceased did or failed to do, by way of reasonable precaution for his own safety, at or immediately before his injury, there arises an inference that he, prompted by his natural instinct, was in the exercise of due care for his own safety. Paulsen v. Haker, 250 Iowa 532, 95 N.W.2d 47; Riedesel v. Koch, 241 Iowa 1313, 45 N.W.2d 225; Spooner v. Wisecup, 227 Iowa 768, 288 N.W. 894; Edwards v. Perley, 223 Iowa 1119, 274 N.W. 910, and many others found in the citators. The purpose of the rule we have recognized is to avoid any injustice due to the severe burden on plaintiff to plead and prove freedom from contributory negligence in order to recover in this type of action when there are no survivors or witnesses who can tell what the plaintiff's decedent was doing immediately prior to the accident. In cases such as the one before us, if the driver suffered retrograde amnesia or could remember nothing about the accident and no other person saw plaintiff's decedent, it would be impossible to carry that burden unless some inference such as the no-eyewitness rule were indulged. We have made it quite clear, while such inference of due care is not evidence, it may be considered by the jury in its determination of the fact question as to whether the deceased was contributorily negligent. Plaintiff was entitled to have the jury so instructed here. Prewitt v. Rutherford, 238 Iowa 1321, 1328, 30 N.W.2d 141.

[6] Defendants doubt the sufficiency of Heichel's testimony as to his loss of memory, but from the record we find it quite adequate. The record discloses he was severely injured and right after the collision was irrational and in shock. He was removed from the car and laid on the pavement until his re-

moval to the hospital in Council Bluffs. There he was listed in critical condition with multiple injuries. His testimony as to having no recollection of events immediately prior to and at the time of the collision, and that he did not know what plaintiff's decedent was doing during that time, was not rebutted so as to make the no-eyewitness rule inapplicable. We conclude, therefore, that the court should have given such an instruction when requested by plaintiff's attorney.

■■ III. Defendants further contend plaintiff failed to take the necessary steps to preserve the question of the court's action in overruling his objections to instructions under Rule 196, R. C. P. They assert this rule requires (1) that the matter objected to be specified, and (2) that the grounds of the objection be set out in writing, and that while plaintiff did indicate the subject matter of his objection he failed to advise the court of the grounds for this objection. We take it from defendants' argument that the court needed to be told plaintiff objected to the instruction for its failure to give the no-eyewitness rule because it was shown that there was no eyewitness to deceased's activities just prior to the accident except the driver, who had amnesia. While it is true we have said many times that failure to comply with rule 196, R. C. P., and advise the court of the basis of an objection to the instruction will not preserve the error, we do not find in plaintiff's objections any "trap" for a "hurried and harried trial judge." This objection and its specific reference to the no-eyewitness rule could scarcely be made more clear. We doubt that any judge or practicing lawyer in this State does not understand the full meaning of this rule by name. Like the phrase "incompetent under the Dead-Man Statute", it speaks for itself. It means the objector contends the situation is one which requires an instruction to the jury on an inference favorable to plaintiff.

We are satisfied plaintiff's objections, both to the court's refusal to give his instruction and as to the instruction given, met the requirement of rule 196 as to specified grounds. In Olson v. Truax, 250 Iowa 1040, 97 N.W.2d 900, we discussed this requirement with citations.

IV. Defendants further contend plaintiff's requested instruction was not a correct statement of the law. Whether it was or was not is not vital to this decision, for it is clear the instruction pointed out clearly the court's duty to give a proper instruction upon that matter. We are not prepared to say the instruction requested was not a correct statement of the law. It has been approved in Azeltine v. Lutterman, 218 Iowa 675, 682, 683, 254 N.W. 854. Also see Instruction No. 5.9 of Uniform Jury Instructions of the Iowa State Bar Association. Heichel's testimony that he could not recall events material herein was sufficient to raise the factual issue of his ability to recall them. Hackman v. Beckwith, 245 Iowa 791, 798, 64 N.W.2d 275.

█ It was not necessary that plaintiff conclusively prove Heichel suffered retrograde amnesia as understood medically. The jury could believe or disbelieve him, but, if it did believe him, plaintiff's decedent surely was entitled to a proper instruction on the no-eyewitness rule.

█ We find no merit in the contention that the instructions actually given sufficiently informed the jury as to the law on this matter, and that plaintiff in fact had obtained the benefit of the no-eyewitness rule. The instructions given, individually or jointly considered, do not give plaintiff's decedent the inference of due care required by that rule.

The cause must be remanded for a new trial.—Reversed and remanded.

All JUSTICES concur except PETERSON, J., who takes no part.