Ward FROMAN, Administrator of the Estate of Eva L. Froman, Deceased, Appellant,

v.

Charles L. PERRIN and Charles L. Perrin, Executor of the Estate of Norma W. Perrin, Deceased, Appellee.

No. 56166.

Supreme Court of Iowa.

Dec. 19, 1973.

Kluever & Van Gingle, Atlantic, for appellant.

Robert Haney, Omaha, Neb., and Ray Yarham, Atlantic, for appellee.

Submitted to MOORE, C. J., and Le-GRAND, UHLENHOPP, REYNOLD-SON and McCORMICK, JJ.

LeGRAND, Justice.

This action arises out of a flash fire which occurred at the farm home of defendant Charles L. Perrin and his deceased wife, Norma W. Perrin. At the time, only Mrs. Perrin and plaintiff's decedent, Eva L. Froman, were in the house. Both perished in the fire.

The case was submitted to a jury, which found against plaintiff, who brought this action for wrongful death as administrator of his wife's estate, and he appeals, alleging as his sole grounds for reversal errors in the instructions of the court. We reverse the judgment and remand the case for a new trial.

The facts are both brief and simple. Plaintiff's decedent was employed by Mr. and Mrs Perrin to help in removing linoleum tile from a basement floor. Apparently fumes from a highly flammable solution being used for this purpose became ignited by an electrical spark, causing a fire which quickly burned itself out from lack of oxygen—not, however, before it caused the death of its two victims.

The appeal presents only two issues:

(1) Error in the trial court's refusal to instruct on the no-eyewitness rule; and

(2) Error in the instruction by which the doctrine of assumption of risk was submitted to the jury.

Plaintiff now seeks to assert additional infirmities in the instructions, but of course under rule 196, Rules of Civil Procedure, we limit our review to those issues raised by his objections in the trial court.

■ I. We consider first the claim the trial court should have instructed the jury on the no-eyewitness rule. This is a principle by which one who is charged with the burden of showing freedom from contributory negligence is assumed to have acted with due care for his own safety in the absence of eyewitnesses or of any obtainable evidence to the contrary.

The no-eyewitness rule is defined in Hoffman v. Monroe Welding Supply Company, 253 Iowa 591, 596, 113 N.W.2d 237, 240 (1962), and in a number of other cases, as follows:

"The rule is well settled in this state that in the absence of eyewitnesses or of any obtainable evidence as to what the deceased did or failed to do, by way of reasonable precaution for his own safety, at or immediately before his injury, there arises an inference that he, prompted by his natural instinct, was in the exercise of due care for his own safety."

We need not discuss whether plaintiff was entitled to the instruction in the present case because we believe, and now hold, the rule itself is no longer operative. We reach this conclusion because the reason for the rule no longer exists; and therefore the rule itself should go.

We came by the rule in the first place because our law until recently imposed on a plaintiff the burden to both plead and prove freedom from contributory negli-gence before he could recover damages from a negligent defendant. We commented on this as follows in Ames v. Waterloo Rapid Transit Co., 120 Iowa 640, 646, 95 N.W. 161, 162 (1903):

"The origin in this state of the rule that the presumption of action dictated by the instinct of self-preservation is due to the peculiar doctrine announced by this court in early cases that the burden of showing affirmatively freedom from contributory negligence is on the plaintiff; and it was introduced in order to avoid the evident injustice of such a doctrine [our contributory negligence rule] in cases where there was no evidence whatever one way or the other as to the exercise of care by the injured party, and no such evidence was attainable by reason of the death of the party injured and absence of any proof as to the circumstances attending the injury."

Many years later we approved this language in Rickabaugh v. Wabash Railway Co., 242 Iowa 746, 749, 44 N.W.2d 659, 661 (1950) after first observing:

"It seems definite that these two rules [the no-eyewitness rule and the rule requiring plaintiff to prove his freedom from contributory negligence] are somewhat related in origin."

We then went on to say:

"It may be a saner and more workable rule would have been to cast on defendant the burden of proving contributory negligence as a special defense, permitting each party the benefit of an initial presumption or inference of reasonable care. But these rules are too deeply rooted in our jurisprudence to be now disregarded. We must take them as we find them and do our best to apply them as new fact situations arise." (242 Iowa at 750, 44 N.W.2d at 661.)

Of course, that "saner and more workable rule" has now been adopted by the new contributory negligence standard enacted by the legislature in 1965 and found in sec-

tion 619.17, The Code. It provides as follows:

"In all actions brought in the courts of this state to recover damages of a defendant in which contributory negligence of the plaintiff, actual or imputed, was heretofore a complete defense or bar to recovery, the plaintiff shall not hereafter, have the burden of pleading and proving his freedom from contributory negligence, and if the defendant relies upon negligence of the plaintiff as a complete defense or bar to plaintiff's recovery, the defendant shall have the burden of pleading and proving negligence of the plaintiff, if any, and that it was a proximate cause of the injury or damage * * *."

The purpose of the rule was to get plaintiff to a jury when circumstances made it impossible for him to produce evidence of his own due care. This is shown by this significant statement from Lingle v. Minneapolis & St. Louis Railway Co., 251 Iowa 1183, 1189, 104 N.W.2d 467, 470 (1960):

"As a rule the inference of due care arising from application of the no eyewitness rule is sufficient to carry such issue [contributory negligence] to the jury."

See also Vandello v. Allied Gas & Chemical Company, 252 Iowa 1313, 1315, 110 N. W.2d 232, 233 (1961).

Perhaps the most convincing proof of the real function of the no-eyewitness rule is the fact that it was recognized only in favor of a plaintiff (or defendant in the event of a counterclaim) on the issue of contributory negligence. Yet there is no plausible reason—except the onerous burden of proving freedom from contributory negligence—for saying a party is interested in self-preservation only on the issue of contributory negligence.

Nevertheless we consistently ruled that way. Larson v. Johnson, 253 Iowa 1232, 1236, 115 N.W.2d 849, 851 (1962); Vandello v. Allied Gas & Chemical Co., supra,

252 Iowa at 1315, 110 N.W.2d at 233; DeBuhr v. Taylor, 232 Iowa 792, 794–796, 5 N.W.2d 597, 598, 599 (1942); B. Snell, Jr., "Eyeing the Iowa No Eyewitness Rule," 43 Iowa L.Rev., 57 (1957); G. Fagg, "The 'No Eyewitness' Rule in Iowa," 6 Drake L.Rev., 101 (1958).

Although the refusal to extend this presumption (or inference) to the issue of negligence generally has been severely criticized, it has long been firmly established as shown by the above cases. However, see dissent in DeBuhr v. Taylor, supra, 232 Iowa at 798, 5 N.W.2d at 600 and 6 Drake L.Rev., supra, pages 105–107.

■ At present—since the burden of proof on the issue of contributory negligence has been shifted from plaintiff to defendant—each party in a tort action has the benefit of the traditional principle that negligence is never presumed and each has the burden—equally—of proving those issues which are essential to his case.

■ Plaintiff must prove defendant's negligence, proximate cause, and resulting damages. If defendant relies on plaintiff's contributory negligence, he must prove plaintiff was guilty of such misconduct as was a proximate cause of the injury. Each party is adequately protected by the usual instructions on the general duties and obligations of the other. As pointed out in Hutton v. Martin, 41 Wash.2d 780, 252 P. 2d 581, 587 (1953), adherence to the rule that decedent is presumed to have exercised due care under such circumstances really affords plaintiff *two* presumptions.

Other courts, under varying circumstances, have retreated from the rule or have refused to adopt it in the first place. As examples we set out briefly some of the observations of those courts under circumstances similar to, but not necessarily identical with, those existing under our law.

In Jurman v. Samuel Braen, Inc., 47 N. J. 586, 222 A.2d 78, 84 (1966), the court said:

"Our conclusion is that the presumption of due care is not a genuine one, and it

does not deserve recognition, that it certainly has no place in jury instructions, and that a decedent is adequately protected by an appropriate charge as to the burden of proof of contributory negligence."

In Dilliplaine v. LeHigh Valley Trust Company, 223 Pa.Super. 245, 247, 297 A.2d 826, 827 (1972), even though the giving of such an instruction was held not to be reversible error, the court used this critical language in discussing it:

"This presumption [of decedent's due care] is merely the converse of charging the jury that the plaintiff has the burden of proving negligence and the defendant has the burden of proving contributory negligence. Thus, such an instruction adds nothing to a jury's ability to intelligently and impartially decide a case. Instead, such a charge may befuddle the issues should the jury misunderstand the weight to be given to the presumption * * *."

In TePoel v. Larson (1952) 236 Minn. 482, 53 N.W.2d 468, 473, appears this quotation:

"In the case now before us, the burden rests on defendant to prove contributory negligence on the part of decedent by a fair preponderance of the evidence. If defendant sustains the required burden of proof, he should prevail irrespective of any presumption. If he fails to do so or the evidence is in equilibrium, he should lose on this issue irrespective of any presumption. Under these circumstances, the aid of the presumption is not necessary. (citing cases.)"

The case of Hutton v. Martin, supra, 252 P.2d at pages 585–588 contains a good discussion of this problem, quoting extensively from a helpful article in 15 Wash.L. Rev., 71, which is severely critical of the so-called presumption of due care in a consideration of contributory negligence when the burden of proving that issue is on defendant.

In the *Hutton* case an instruction was given telling the jury that a person killed in a collision is presumed to have been exercising due care and to have done all that is required of him to save himself from injury in the absence of credible evidence to the contrary.

The Washington Supreme Court held that such an instruction constituted reversible error, overruling its previous decisions to the contrary. It held the presumption of due care theretofore recognized in such circumstances should be disregarded "because appellant had the burden of proof (i. e., both the duty of producing evidence that the deceased was guilty of contributory negligence and the burden of convincing the jury thereof by a preponderance of the evidence). With an instruction that contributory negligence is never presumed (which was given in this case), there is no need to resort to a presumption that the deceased was exercising due care at the time of the accident. The rule that no person is presumed to have been negligent until the party having the burden of proof establishes that fact by a preponderance of the evidence furnishes adequate protection to a deceased person as well as to a living person."

We find that language very appealing and we adopt it as the rationale for our conclusion here.

■ Since the burden of proving contributory negligence is now where it rightfully belongs—on the defendant who asserts it as an affirmative defense—the time has come to recognize that the no-eyewitness rule should be abrogated. We now so hold and direct that an instruction on the revoked rule shall not be given in any trial starting after the date this opinion is filed.

■ II. The remaining issue involves the wording of the instruction on assumption of risk. Since Rosenau v. City of Estherville, 199 N.W.2d 125, 133 (Iowa 1972), the doctrine of assumption of risk has been abandoned in all cases where, as here, con-

tributory negligence is available as a defense.

■ That opinion was made prospective in its application by our statement that it would be "applicable to all cases tried hereafter." By strange coincidence, our *Rosenau* decision came down the very day the present case went to the jury. Plaintiff now seeks the benefit of that rule, although he made no objection to submission of the issue in district court. That alone would probably bar relief on the issue now.

In any event we do not believe a case which was completely tried except for its final submission to the jury when *Rosenau* was announced would be controlled by its newly announced rule on assumption of risk. Certainly the purpose and intent of that decision was to limit its application to those cases in which the new rule was available as authority to court and counsel. Plaintiff is not entitled to rely on *Rosenau* for reversal here.

However, he also says the instruction on assumption of risk was erroneous. We believe there is merit in this claim and that it requires a reversal if the error was properly preserved, a question we discuss later.

The challenged instruction is set out in full:

"The defendants assert an affirmative defense known as 'assumption of risk,' against plaintiff's claim. You are instructed that where one voluntarily assumes a position of danger, he cannot recover.

"The burden is on the defendant to establish this defense of assumption of risk by a preponderance of the evidence.

"Therefore, if you find from all the evidence that the Deceased Eva L. Froman knew *or should have as an ordinary person known or appreciated* the danger of the work she was doing, and this was a proximate cause of her death, the plaintiff cannot recover in this case." (Emphasis supplied.)

Plaintiff's entire objection to this instruction follows:

"Comes now the plaintiff and objects to [the above instruction] for the reason that in the first paragraph the words 'knows and appreciates the danger' should be inserted in lieu of the words 'a position of danger.'"

The real defect in the instruction appears in the second paragraph where the jury is permitted to find plaintiff assumed the risk of injury not only if she *knew* the danger involved but also if as "an ordinary person" she *should* have known it. No specific objection was made to this language.

We have consistently rejected the "reasonable man" concept in defining assumption of risk. See Bohnsack v. Driftmier, 243 Iowa 383, 393, 52 N.W.2d 79, 84 (1952); Marean v. Petersen, 259 Iowa 557, 568, 144 N.W.2d 906, 913 (1966); Berge v. Harris, 170 N.W.2d 621, 623 (Iowa 1969); Restatement, Torts 2d, sec. 496D, comments (b) and (c); 57 Am.Jur.2d, Negligence, sec. 276 (1971). See also discussion in Bessman v. Harding, 176 N.W.2d 129 (Iowa 1970).

■ We hold, as we have before, that assumption of risk is a doctrine based on plaintiff's acceptance of certain inherent dangers with full realization of the hazards involved. Except in those rare cases when it may be decided as a matter of law —and this is not one of those—proof that a plaintiff *should* have recognized the danger is insufficient. As pointed out in Marean v. Petersen, supra, that concept is important in contributory negligence but has no proper place in assumption of risk.

Having concluded the instruction erroneously permitted the jury to find plaintiff's decedent had assumed the risk if she should have recognized the danger, even though she didn't, we must now consider if the objection to that instruction preserved the issue for review under rule 196, R.C.P.

■ The general rules are well settled. If no objection is taken, the instruction, right or wrong, becomes the law of the case. Northrup v. Miles Homes, Inc., 204 N.W.2d 850, 856 (Iowa 1973). To be adequate an objection must advise the court of

the basis for complaint and the real criterion is whether the objection alerted the trial court to the claimed error. Even a defective objection may accomplish that purpose. Pose v. Roosevelt Hotel Co., 208 N.W.2d 19, 25 (Iowa 1973); Harrington v. Fortman, 233 Iowa 92, 101, 8 N.W.2d 713, 718 (1943).

In the instant case it must be conceded the objection failed to zero in on the real imperfection of the instruction. However, we believe it was sufficient to bring to the trial court's attention the principle relied on—that the plaintiff must have known and appreciated the danger before the risk could be assumed. The trial court should have so instructed. Failure to do so was reversible error.

III. We, therefore, reverse and remand for a new trial. Upon retrial, of course, Rosenau v. City of Estherville, supra, will control and no instruction at all shall be given on assumption of risk; nor, for the reasons stated in Division I, shall an instruction on the no-eyewitness rule be given.

Reversed and remanded.